## SUPERIOR COURT.

### MALCOM AND GAUL agt. BAKER AND OTHERS.

Where one of the defendants as principal, and the others as sureties, executed a bond under the act to abolish imprisonment for debt, and to punish fraudulent debtors, passed April 26, 1831, to stay the issuing by the county judge, of a warrant of commitment against the principal, and conditioned for an application for an assignment of all his property and for a discharge, &c. And upon an action brought by the plaintiffs for a breach of the conditions of the bond, and upon the trial, a verdict was found for the plaintiffs, which was affirmed on appeal at general term, but with leave to defendants to apply at the special term, upon notice, for leave to amend their answer.

Held, that the motion to amend the answer came entirely too late. It seems, the court have not the power to grant such relief after argument of the appeal, and final judgment of affirmance thereon.

The judgment should first be set aside. And it is doubtful whether a motion to set aside a regular judgment rendered at general term, can be granted by the special term, for the purpose of allowing a party to amend his pleading.

If, however, such a motion can be entertained, it must not only appear that the party has been misled or surprised after the exercise of ordinary care and skill, but that the amendment asked for is clearly required in order to promote the ends of justice.

*Monroe Special Term, January,* 1853. *Motion to amend answer.* The action was brought upon a bond given by the defendant Baker, and the other defendants as his sureties, reciting that complaint had been made by the plaintiffs to the county judge of Livingston county, against Baker, under the act to abolish imprisonment for debt and to punish fraudulent

debtors, passed April 26, 1831, and that such proceedings had been had thereon, that the officer had decided to grant a warrant of commitment against said Baker, pursuant to said act; and conditioned that the said Baker should, within thirty days from the date thereof, apply for an assignment of all his property, and for a discharge, as provided in the 12th section of said act, and diligently prosecute the same until he should obtain such discharge. The complaint set forth the facts and proceedings before the county judge, which resulted in his determination mentioned in the recital of the bond, the giving of the bond by Baker and the other defendants, to prevent the warrant of commitment being issued; and averring that more than thirty days had elapsed since the making of the bond, and that Baker had not applied for an assignment of his property and for a discharge as provided in said act.

The answer denied that, at the time of the commencement of the action, more than thirty days had elapsed since the giving of the bond; and alleged that Baker did apply for an assignment of all his property, and for a discharge, as provided in the said act, and had diligently prosecuted the same, &c., pursuant to the act, and in all things performed and fulfilled the condition of the bond.

The action was tried at the Livingston Circuit, in February, 1852, before the judge who held the circuit, without a jury, when the plaintiffs recovered a judgment for the amount of their demands against Baker. The defendants served exceptions in due time, and appealed from the judgment to the general term. The appeal came on to argument at the last December general term held in Monroe county, when the counsel for the appellants proposed to argue, among others, the following proposition, viz: "The bond upon which this action is founded, was exacted by the county judge, under a proceeding which did not confer upon him jurisdiction for that purpose; and it is therefore inoperative and void." This proposition was drawn out into several sub-divisions and specifications, all which consisted of objections to the proof made before the county judge, on the first application made before

him on behalf of the plaintiffs for the warrant by which the defendant was arrested and brought before him.

The court at general term refused to hear this proposition argued on the ground that it was not within the issue joined in the action, and it not having been at any time previously raised or presented in the progress of the action.

The argument of the appeal then proceeded upon other points, and the court at the close of the argument affirmed the judgment rendered at the circuit; and also, at the same time, made an order staying the plaintiffs' proceedings thirty days, and giving the defendants leave to apply at special term, within that time, upon due notice, for leave to amend their answer. The motion is to put in an amended answer, so as to raise the question embraced in the above proposition.

T. Hastings & Jas. Wood, Jr., *for Defendants.*
J. L. Angle, *for Plaintiffs.*

Welles, Justice.—This motion cannot be granted. It comes entirely too late. I doubt very much the power of this court to give the relief sought for, after the argument of the appeal and final judgment of affirmance thereon, at the general term. It seems to me that the judgment must first be set aside, before the defendants can have leave to amend their answer. A motion to set aside a judgment of the general term, confessedly regular, cannot I think be granted by the special term, for the purpose of allowing a party to amend his pleading. But admitting this may be done at special term, before I can consent to such a stretch of the power of amendment, it should not only appear that the party has been surprised or misled, after the exercise of ordinary care and skill, but that the amendment asked for is clearly required in order to promote the ends of justice.

The papers on this motion show what the evidence was which was exhibited before the county judge when the application was first made before him, and in my judgment it clearly gave him jurisdiction to entertain the further proceedings which were had before him. The objection to this evidence is, that

it consisted of facts stated in an affidavit, *upon information and belief*. After setting out the two judgments constituting the indebtedness of Baker to the plaintiffs, the executions issued thereon, and the returns thereto by the sheriff, the affidavit proceeds as follows : " The deponent further says that the said Abner Baker has assigned, removed, and disposed of his property with the intent to defraud his creditors, *as this deponent has been informed and believes true*.

The facts and circumstances upon which such belief is founded are as follows," &c. The affidavit then proceeds to state positively and without qualification, the facts and circumstances, which beyond doubt, were sufficient to give the county judge jurisdiction.

Admitting that his decision to entertain jurisdiction would be held erroneous upon review on certiorari, it by no means follows that he acted without jurisdiction. I had occasion to consider the authorities on a similar question in Sheldon agt. Wright, (7 *Barb. S. C. R., pp.* 41, 42.)

If the county judge had jurisdiction, his acts, though erroneous, were valid and binding until reversed.

Entertaining these views I cannot consent to grant the motion. I may be wrong ; but I have no guide on such occasions but my own convictions, and I should not feel justified in going contrary to them, in order to grant the defendants an extraordinary favor, for the purpose of experimenting upon other minds with the same question.

The motion is denied with $7 costs.