Sheldon *v.* Williams.

[St. Lawrence General Term, October 6, 1868. *James, Rosekrans, Potter* and *Bockes,* Justices.]

52b 183
16ap469

SHELDON, adm'r, &c. *vs.* WILLIAMS and others.

W

There is no power conferred upon the court, at special term, to review, alter, modify or change a judgment rendered at a general term.

After the court, at general term, has, on a careful and deliberate review of a case, upon its merits, pronounced its judgment thereon, and made its award of costs, the rights of the parties are fixed, as to all the questions passed upon by the court, subject only to review by the Court of Appeals. In all other respects such judgment is final and conclusive.

Whatever power a special term may have to control judgments, in matters of practice not affecting substantial rights—such as to allow their entry *nunc pro tunc,* &c.— they cannot exercise the power of review or modification upon the merits, of a general term decision.

Where, on appeal to the general term of this court, by an administrator, from the decree of a surrogate made on his final accounting, the decree of the surrogate is affirmed, *with costs,* the court not directing the costs to be paid by the appellant personally, for mismanagement or bad faith, they are only payable out of the estate represented by him.

Such a judgment cannot be so changed by an order made at special term, *ex parte,* as to direct that the respondents recover of the appellant a specified sum, "costs and disbursements of the appeal;" whether the effect of such direction be to make the appellant personally liable for such costs or not.

THIS is an appeal by the plaintiff from an order made at special term in the third district, denying a motion made by him, to set aside or correct a judgment entered in this action as of the date of May 4, 1858, on the ground that such judgment was irregular.

*D. Sheldon*, plaintiff, in person, for the motion.

*M. H. Dorr*, opposed.

*By the Court*, POTTER, J. This case, though apparently only an appeal from an order, or perhaps from two orders, involves in its consideration important questions of practice, as well as the construction of two sections of the Code. It also involves, collaterally, several other orders made in the action, besides ·the decree of the surrogate; and the judgment of the general term. The motion is certified to this district by reason of the disqualification of the justices in the third district on account of interest or otherwise. The appellant, as administrator of Peter Williams, deceased, had a final accounting before the surrogate of Columbia county, from whose decree he appealed to the general term. This was certified to the court in the second district, where the appeal was heard, and the decree of the surrogate affirmed, *with costs.* The respondents (here) then made a motion to the general term of the second district, in December, 1864, to be allowed to charge the appellant, *personally*, with the costs of the appeal. This motion was denied or dismissed at said general term, with costs. The respondent then, afterwards, in February, 1865, made a motion in the action, at special term in the third district, without notice to the appellant, for leave to enter the judgment of the general term "*nunc pro tunc*," as of the 4th of May, 1858, that being a day prior to the death of one of the respondents. This motion was granted, and the order made therein, added, "*that the*

LIBRARY

*respondents have leave to enter judgment on this appeal against the said appellant,"* upon which the respondents afterwards, on the 28th of February, 1865, entered their judgment as of the 4th of May, 1858, in form, *" that the respondents recover of the appellant the sum of* $278.40 *costs and disbursements of the appeal."* Thereupon, the appellant, in the belief that this judgment made him personally liable for the costs of the appeal; that an *ex parte* order of the special term could not change or modify a judgment rendered at general term; and that such modified judgment was irregular, made a motion upon notice, at special term in May, 1865, that the judgment entered upon the *ex parte* order of February, 1865, be set aside or corrected. It also appeared in the recital of the order of February, 1865, that one John Gaul, appeared as counsel for the appellant, on said *ex parte* motion. In the appellant's papers for his motion for May, 1865, he swore that he never had employed, or authorized, any one to appear upon the said motion, which was not contradicted. When this motion for May, 1865, came on, the judge who held the term was disqualified to hear it, and the parties then agreed to submit it to another judge upon certain stipulations as to time, and papers; which are not now material to give in detail, except, that one question submitted was, " Whether the respondents had a right, *ex parte*, or at special term, to enter up a judgment against the appellant for costs, and thus change the order of the Supreme Court made at general term; which had given the judgment without charging the appellant personally with costs for mismanagement or bad faith in such action ; and if so, whether this could be done after a motion for that purpose had been made by the respondents to the said general term, and such motion had been denied." The motion of the respondents for this relief, was denied at this special term, and this is the order appealed from now before us.

It is clear, that this was a question affecting a substan-

tial right, and is therefore appealable, if erroneously decided. The main action was an appeal from the decree of the surrogate, to the general term. The 318th section of the Code declares that such a proceeding shall, *for all purposes of costs,* be deemed an *action at issue, on a question of law;* "and costs thereon shall be awarded and collected in such manner *as the court shall direct."* The 317th section of the Code provides, .that in such action, "Costs shall be recovered as in an action by and against a person prosecuting or defending in his own right; but such costs shall be chargeable only upon, or collected of, the estate, fund or party represented, *unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense."*

The costs allowed by the general term in the second district were a part of its judgment. That court did not direct such costs to be paid by the appellant personally for mismanagement or bad faith. They were therefore only payable out of the estate represented by the appellant. That there was no mistake by the general term in this respect is clear, from their denial of the motion to correct the judgment, in this regard. There is no power conferred upon the special term to review, alter, modify or change this judgment of the general term. It would be a subversion of the very order, nature and effect of the judicial authority if this were so. The appellate court might, by such a practice, become a useless institution; its judgments would have no permanence and its authority be of no security to parties. We are looking at this case as it appears before us upon the papers, which may not be a fair presentation of the case; but as it appears, the general term had, on a careful and deliberate review of the case upon its merits, pronounced its judgment thereon, and made its award of costs. Under such a judgment, the rights of the parties become fixed as to all the questions passed upon by the court, subject only

Sheldon *v.* Williams.

to review by the Court of Appeals; otherwise it was final and conclusive. Whatever power a special term may have to control judgments in matters of practice, not affecting substantial rights, such as to allow their entry "*nunc pro tunc*," &c. they clearly cannot exercise the power of review, or modification upon the merits, of a general term decision. If we are right in this view, then the appellant's motion to correct the .orders of the special term, which modified the judgment of the general term, ought to have been granted. That motion being denied, substantial injustice was done him. The result is, the order of the special term dated 30th of May, 1865, must be reversed with $10 costs and disbursements. And the order asked for by the appellant on said last mentioned motion of the 30th of May, 1865, should be granted to him so far as to correct and amend the judgment that was modified at special term, and to restore the same to its form, as it was directed at the general term, so that the costs be chargeable to, and collectable only, of the estate of which the appellant is the administrator, with $10 costs and disbursments of the said motion of the 30th of May, 1865, to the appellant.

I do not intend to hold that the form of the judgment of the general term, as modified by the special term, "*that the respondents recover of the appellant the sum. of* $278.46 *costs, and disbursements of the appeal,*" made the defendant personally liable for such costs. I think something more must be added, to effect that object. It requires an adjudication by the court that he is to be personally liable, "*for mismanagement or bad faith.*" (*Code,* § 317.) This question, however, it is not necessary to decide in order to reverse the order appealed from.

[SARATOGA GENERAL TERM, July 10, 1866. *James, Rosekrans, Bockes* and *Potter,* Justices.]