In the Matter of the Proposed Extension of FOLTS STREET in the Village of Herkimer, N. Y.

THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY and THE MOHAWK AND MALONE RAILROAD COMPANY, Appellants; THE VILLAGE OF HERKIMER, Respondent.

*Eminent domain — village trustees may, by resolution, discontinue a street extension proceeding — when they cannot restore it by rescinding the resolution — discontinuance of the proceedings pending an appeal — setting aside an order which has been affirmed on appeal.*

The trustees of a village have power to discontinue proceedings for the extension of a street, but cannot subsequently restore the proceedings, by rescinding the resolution discontinuing them, as against interested parties who, in the meantime, have acquired new rights by legislative enactment. (Chap. 754 of the Laws of 1897.)

The trustees of a village have no power, by resolution, to discontinue special proceedings, instituted against railroad corporations, pending at the time in the Appellate Division, without the consent of the corporations, or without leave granted by the court upon such terms as shall be imposed.

*Semble*, that the County Court has no power to entertain a motion to set aside an order made by it which has been affirmed by the Appellate Division.

APPEAL by The New York Central and Hudson River Railroad Company and The Mohawk and Malone Railroad Company, from an order of the County Court of Herkimer county, entered in the office of the clerk of the county of Herkimer on the 23d day of December, 1897, denying their motion for an order vacating an order of the County Court of Herkimer county, entered in the office of the clerk of the county of Herkimer on the 1st day of March, 1897, which appointed commissioners to assess the damages caused by the opening and extension of Folts street, in the village of Herkimer.

*Charles E. Snyder*, for the appellants.

*Adam J. Smith*, for the respondent.

PER CURIAM:

The trustees had power to discontinue their proceedings for the extension of Folts street, which power they effectually exercised by their resolution of May 17, 1897, and they could not by their reso-

lution of December 3, 1897, rescinding the resolution of May 17, 1897, restore those proceedings as against the railroad corporations, which, in the meantime, had acquired new rights by chapter 754 of the Laws of 1897, which took effect July 1, 1897.

But the trustees had no power by the resolution of May 17, 1897, to discontinue the special proceeding against the railroad corporations then pending in the Appellate Division without the consent of the corporations, or without leave granted by the court upon such terms as should be imposed. The resolution of May 17, 1897, had no effect on that appeal, which either party had the right to prosecute to a decision, and the successful party had the right to enter the order of the Appellate Division and collect the costs awarded. The railroad corporations not having appealed from the order of the Appellate Division, if it is appealable, the proceeding as to the corporations is dead, except for the purpose of enforcing the payment of costs, and there is no occasion for setting aside the order of the County Court entered March 1, 1897, and affirmed by the Appellate Division by the order entered October 2, 1897, in the office of the clerk of the county of Herkimer, and we find no authority vesting the County Court with power to entertain a motion to set aside its original order affirmed by this court.

The appeal should be dismissed, with ten dollars costs and disbursements.

All concurred.

Appeal dismissed, with ten dollars costs and disbursements.