(134 App. Div. 457.)

PEOPLE ex rel. TOBENKIN v. O'CONNELL, Municipal Court Clerk, et al.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—VACATION OF JUDGMENT AND NEW TRIAL.

    The only limitation on the power conferred by Municipal Court Act (Laws 1902, p. 1489, c. 580) § 1, subd. 19, directly granting power to vacate a judgment, and in a proper case grant a new trial on the ground of newly discovered evidence, is that it must be in a proper case, which refers to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the force and effect of the evidence submitted, and it is not limited by section 254, requiring motions to vacate a judgment to be made at the close of the trial, or within five days from rendition of judgment; that section being similar to Code Civ. Proc. § 999, governing motions for new trial on the judge's minutes in courts of record, in view of section 255 of the Municipal Court act, providing for a motion for new trial on such ground without limitation of time, and also for an appeal therefrom the same as from a judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—NEW TRIAL PENDING APPEAL.

A motion for a new trial on the ground of newly discovered evidence is made on facts dehors the record, and so, in view of the absolute power to entertain such a motion, without restriction or limitation as to time, given by the Municipal Court act (Laws 1902, p. 1486, c. 580), the Municipal Court judge has power to entertain the motion and grant the order after an appeal has been taken, though the record, pursuant to sections 317, 326, and 327 of such act, is returned to the appellate court for the hearing on the appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—VACATION OF JUDGMENT—EFFECT AS TO ISSUANCE OF EXECUTION.

A Municipal Court judgment being vacated by the order on a motion for a new trial, there was no judgment to be enforced by execution, and hence the clerk properly declined to issue it.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

4. COURTS (§ 190*)—MUNICIPAL COURTS—TITLE AS TO COSTS PAID IN PERFECTING APPEAL—EFFECT OF VACATING JUDGMENT AND NEW TRIAL.

Plaintiff's title to costs awarded on a judgment in his favor and paid into the clerk's office by defendant, pursuant to Municipal Court Act (Laws 1902, p. 1578, c. 580) § 311, as amended by Laws 1908, p. 36, c. 22, in perfecting an appeal, depends on the judgment; and, that being vacated, pending the appeal, by an order granting a new trial, plaintiff has no right to compel payment of the deposit.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Harry Tobenkin, against Thomas O'Connell, as Clerk of the New York City Municipal Court, Borough of Manhattan, First District, and others. From an order denying a motion for a peremptory writ, relator appeals. Affirmed.

See, also, 119 App. Div. 850, 104 N. Y. Supp. 843.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

J. A. Seidman, for appellant.

Francis K. Pendleton, Corp. Counsel (Theodore Connoly, of counsel, and Thomas F. Noonan, on the brief), for respondent O'Connell.

Saxe & Powell (George M. Welch, of counsel), for respondents Powell and Weiler.

CLARKE, J. This is an appeal from an order of the Special Term of the Supreme Court, denying an application for a peremptory writ of mandamus, directed to Thomas O'Connell, Clerk of the Municipal Court, First District, Manhattan, to compel him to issue execution in the action of Tobenkin v. Piermont and Others, upon an affirmance

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the Appellate Term of a judgment entered in said Municipal Court on the 14th of January, 1909, and also that he be directed to pay to relator $32 costs awarded by the Municipal Court on said judgment, which were paid into the clerk's office by the defendant pursuant to the provisions of section 311 of the Municipal Court act (Laws 1902, p. 1578, c. 580, as amended by Laws 1908, p. 36, c. 22), upon taking an appeal to the Appellate Term.

After the appeal had been taken, a motion for a new trial upon the ground of newly discovered evidence was made under section 255 of the Municipal Court act before the justice who tried the action. This motion was granted, and an order was duly entered on May 4, 1909, setting aside and vacating the judgment. On May 7th the Appellate Term handed down a decision affirming said judgment. Thereafter the attorney for relator applied to the Municipal Court for an order vacating the order granting a new trial and reinstating the judgment. This motion was denied, and plaintiff appealed to the Appellate Term from that order, which appeal is still pending. In this situation respondent refused to issue execution upon the affirmance of the judgment by the Appellate Term, upon the ground that the judgment which was affirmed had been set aside and was not in existence at the time of the affirmance. As to the $32 paid into court, the clerk refused to pay them over, because the judgment granting them had been vacated and set aside, and, further, that no order in accordance with section 311 of the Municipal Court act had been served on him, directing him as to the disposition of said $32 costs.

Relator claims that the Municipal Court judge had no power to grant a motion to vacate and set aside the judgment and grant a new trial on the ground of newly discovered evidence at the time he made the order. Section 1 of the Municipal Court act confers jurisdiction upon the Municipal Court, and provides in subdivision 19 thereof that:

"In an action or a summary proceeding to direct or set aside a verdict, vacate, amend or modify a judgment or final order rendered, or made on consent, confession, inquest or trial, grant a new trial, open a default or in a proper case grant a new trial on the ground of fraud or newly discovered evidence."

Here is a direct grant of power to vacate a judgment and grant a new trial on the ground of newly discovered evidence. Relator claims that this power is limited by section 254 of the act, which provides that:

"A motion to set aside the verdict of a jury and vacate, amend or modify a judgment rendered thereon, or to vacate, amend or modify any judgment rendered upon a trial by the court without a jury, may be made upon the exceptions taken at the trial or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence or contrary to law, provided said motion is made at the close of the trial or within five days from the time the judgment was rendered."

This section is, however, similar to section 999 of the Code, governing motions for a new trial made upon the judge's minutes in courts of record. In section 999 the time to limit such motion upon such grounds is limited to the same term, and so in section 254 of the Mu-

nicipal Court act there is a time limit of five days. But section 255 of the Municipal Court act provides that:

"The court may also, in a proper case, grant or deny a motion for a new trial on the ground of fraud or newly discovered evidence, and from the order an appeal shall lie as from a judgment in said court."

It will be seen that there is no such limitation of time in which a motion under this section is to be made as is provided in section 254, and the reason for the distinction is obvious. The motion under section 254 is made upon the record of the trial. What occurred upon said trial is known, and for the prompt dispatch of business and avoidance of delay a short period is given in which to assert whatever rights may be claimed. Such a limitation upon the right to move for fraud or upon newly discovered evidence would be practically to nullify the right conferred. To hold that a fraud which vitiated the judgment, and not discovered within five days, cannot be brought to the attention of a court of justice, or that material evidence not discovered within that time may not be availed of, is to say that this important power conferred by the express terms of the act is a vain thing. We cannot subscribe to any such doctrine. The only limitation in the statute is that it must be in a proper case, and that refers to the force and effect of the evidence submitted to the judge as a ground for granting the motion.

Relator further claims that, as this motion was made after the appeal had been taken, the court was without jurisdiction to grant it. The Court of Appeals has held that the pendency of an appeal in that court is not a bar to a motion in the court below for a new trial. People ex rel. Hoffman v. Board of Education, 141 N. Y. 86, 35 N. E. 1087; Henry v. Allen, 147 N. Y. 346, 41 N. E. 694. This court held in Vernier v. Knauth, 7 App. Div. 57, 39 N. Y. Supp. 784, that it was error to deny a motion for a new trial on the ground of newly discovered evidence because an appeal from the judgment was pending; and the Appellate Division in the Second Department likewise so held in Smith v. Lidgerwood Mfg. Co., 60 App. Div. 467, 69 N. Y. Supp. 975. McCreary Realty Corporation v. Equitable National Bank, 52 Misc. Rep. 300, 102 N. Y. Supp. 975, affirmed 54 Misc. Rep. 508, 104 N. Y. Supp. 959, 123 App. Div. 358, 107 N. Y. Supp. 1080, is a case in which the lower court granted a motion for a new trial in which the case was on appeal to the United States Supreme Court.

The relator claims that in all of the cases cited the appeals were from courts of record, and that the record remained in the court of original jurisdiction, and that a transcript only thereof was transmitted to the appellate court; further, that the Municipal Court is not a court of record, and that by section 317 of the Municipal Court act the clerk of said court is directed to make a return to the appellate court, and that "the return must contain all the proceedings, including the evidence and the judgment," and that section 326 of said act provides that "the appeal must be heard on the original papers or a certified copy thereof and a copy or copies thereof need not be furnished for the use of the court," and that section 327 of said act directs the clerk of the appellate court to return to the district of the Municipal Court

from which the appeal was taken all the papers on file in his office making up the judgment roll of said action or proceeding. Therefore he claims that the cases cited are not authoritative on this proceeding, because, in consequence of the appeal, the original record was not in the Municipal Court, but had been returned to the appellate court, and that therefore the cause was no longer in the Municipal Court, and no motion could be made therein, and so the order granting a new trial was a nullity. The effect of holding that this motion was improperly made at the time when the appeal was pending might be, if it had been made after the Appellate Term affirmed the judgment, that the motion would then be denied, because of laches in not making it as soon as the evidence was discovered. While it is true that the return took the original papers constituting the record to the Appellate Term, yet it should be recalled, as pointed out by the Court of Appeals in Henry v. Allen, 147 N. Y. 346, 41 N. E. 694, the motion for a new trial on the ground of newly discovered evidence is made on facts dehors the record.

In view of the absolute grant of power to entertain the motion, without restriction or limit as to time, given by the Municipal Court act, we think the Municipal Court judge had power to entertain the motion and grant the order. As by that order the judgment was vacated, there was no judgment to be enforced by execution, and therefore the clerk was right in declining to issue execution. Thirty-two dollars were the costs awarded to the plaintiff by the original judgment, and were deposited with the clerk as a necessary step in perfecting the appeal. The title thereto of the plaintiff depended, however, upon the judgment, and we think that, that having been vacated, he had no right to compel the payment of said sum so deposited by the defendant, and therefore the order appealed from was right, and should be affirmed, with $10 costs and disbursements. All concur.