THE KIRKPATRICK HOME FOR CHILDLESS WOMEN, Plaintiff, *v.* ALPHEUS B. KENYON, as Executor of the Last Will and Testament of MARY J. WILLARD, Deceased, Defendant.

Supreme Court, Allegany County, September, 1922.

Decedent's estate — contract by testatrix to enter a home and pay entrance fee therefor — by-laws of institution providing for two months' probationary period — when testatrix dies within the two months the entrance fee cannot be collected from her estate although she died at the institution.

Where the performance of a contract depends on the continued existence of a given person or thing and such continued existence was assumed as a basis of the agreement, the death of the person or the destruction of the thing puts an end to the obligation.

Where the performance of an obligation lies only with the promisor through his own volition, his death before the exercise of such will or volition prevents performance, and where the will must be exercised before an obligation becomes effective and death prevents the exercise of the will, there can be no effective obligation.

On September 11, 1920, defendant's testatrix by a written contract agreed to pay plaintiff the sum of $5,000 upon the execution of said contract by which plaintiff agreed to furnish a home for said testatrix at the Kirkpatrick Home for Childless Women in the Village of Cuba subject to the rules and regulations heretofore adopted by the board of directors of said home. The rules and regulations referred to in the contract provided, "an entrance fee of at least twenty-five hundred dollars will be required. A probation period of two months will be allowed an inmate after entering the home. If for any reason an inmate leaves, or is dismissed by the Board of Directors during that period the sum of ten dollars per week for board will be deducted from the entrance fee, and the remainder returned." Testatrix entered the home on August 16, 1920. The entrance fee of $5,000 was not paid and after the death of testatrix on September 18, 1920, her executor rejected plaintiff's claim therefor. *Held,* that whether the decedent would become liable to pay the entrance fee could only be determined by the exercise of her volition or will at any time during the two months not to leave the home. The exercise of that volition or will from September 18, 1920, to October 16, 1920, having been prevented by her death, no liability to pay the entrance fee was created as under the contract the amount of the entrance fee could only become due or payable in the event that decedent had lived and had not left the home before October 16, 1920.

Verdict directed in favor of plaintiff for fifty-six dollars for board for the five weeks next preceding the date of her death.

ACTION to recover amount of entrance fee of defendant's testatrix into the plaintiff's home. Motion by both parties for direction of a verdict.

*W. N. Renwick*, for plaintiff.

*Lee Fassett*, for defendant.

BROWN, J. Defendant's testatrix entered the home of the plaintiff August 16, 1920. On September 11, 1920, the plaintiff and defendant's testatrix, who will hereinafter be styled the decedent, executed a written contract wherein the decedent agreed " to pay to the plaintiff the sum of $5,000.00 to become due and payable upon the execution of this instrument and the party of the second part [the plaintiff] agrees to furnish a home for party of the first part [decedent] at the Kirkpatrick Home for Childless Women in the Village of Cuba subject to the rules and regulations heretofore adopted by the Board of Directors of said home." The rules and regulations referred to in the written contract provide " an entrance fee of at least twenty-five hundred dollars will be required. A probation period of two months will be allowed an inmate after entering the home. If for any reason an inmate leaves, or is dismissed by the Board of Directors during that period the sum of ten dollars per week for board will be deducted from the entrance fee, and the remainder returned."

Decedent died September 18, 1920. The entrance fee of $5,000 was not paid, the defendant rejecting the plaintiff's claim therefor and this action was brought to recover the same. Defendant denies liability under the contract for any sum in excess of $10 per week for decedent's board for five weeks from August 16, 1920 to September 18, 1920, the date of her death.

The contract providing that the entrance fee would be returned to the decedent upon the happening of one of two events, decedent's leaving or decedent's dismissal, and the entrance fee not having been paid, it is believed that the plaintiff's right to recover the $5,000 entrance fee must be determined by the same rules that would determine the plaintiff's right to retain such money had it been paid.

The contract bound decedent to pay to the plaintiff $5,000 upon condition that in the event she left the plaintiff's home within two months from the 16th day of August, 1920, that is, on or before the 16th day of October, 1920, she was to pay $10 per week for the period she remained in the home, to be deducted from the $5,000 and the remainder thereof to be returned to her.

The contract bound the plaintiff to furnish a home for decedent during her lifetime upon condition that in the event the board

of directors of the plaintiff dismissed the decedent from the plaintiff's home at any time within two months from August 16, 1920, the entrance fee of $5,000 was to be returned to decedent, deducting therefrom the sum of $10 per week for board for the period that she was an inmate of the home during the two months.

It must be conceded that upon the happening of the event of decedent's leaving the home on or before October 16, 1920, or of plaintiff's board of directors dismissing decedent from the home, in either of such events the obligation on the part of decedent to pay the $5,000, and the obligation on the part of the plaintiff to furnish a home for decedent would be of no validity.

It is very clear that decedent's obligation to pay the $5,000 was conditioned upon her failure to leave the home before October 16, 1920; it is equally clear that plaintiff's obligation to furnish a home for decedent was conditioned upon the failure of plaintiff's board of directors to dismiss decedent as an inmate from the home before October 16, 1920.

Decedent died September 18, 1920, one month before the expiration of the time within which the event could have happened that was to determine whether the obligation of decedent to pay the $5,000 was absolute and final, and also whether the obligation of plaintiff to furnish a home for decedent was certain and complete. There was no absolute obligation on the part of decedent to pay; there was no fixed obligation on the part of plaintiff to furnish a home for decedent. There was no mutual obligation between the plaintiff and decedent specified in the contract. The plaintiff's right to the $5,000 does not depend upon its subsequent readiness to perform and furnish a home for decedent, but upon its original obligatory character. Decedent's obligation to pay if she did not leave secured to her no positive fixed right to have a home. Such right was dependent upon the failure of plaintiff's board of directors to dismiss her on or before October 16, 1920. Plaintiff's obligation to furnish a home in the event decedent was not dismissed did not secure to it the absolute right to the $5,000; such right was dependent upon decedent not leaving the home on or before October 16, 1920. Whatever right either party secured by this contract was dependent upon events that might or might not happen. It can never be ascertained whether decedent would or would not have left the home during the two months had she lived that period. It can never be ascertained whether plaintiff's board of directors would or would not have dismissed decedent from the home had she lived until October 16, 1920. Death has prevented the happening or non-happening of the events upon which the legal right of the plaintiff to recover the $5,000 depended. It has

not been proved and it never can be proved that any sum of money is due under the contract beyond the $10 a week for board of decedent. The fact that decedent died September 18, 1920, or that she said to someone that she was going to remain in the home is no proof that she would not have left the home before October 16, 1920, had she lived. The fact that the board of directors of the plaintiff did not dismiss decedent from the home before September 18, 1920, is no proof that they would not have dismissed her before October 16, 1920. The decedent had the legal right to leave the home at any time before October 16, 1920, and thus relieve herself from any obligation to pay any sum of money above $10 a week. The plaintiff had the legal right to dismiss the decedent from its home at any time before October 16, 1920, and thus relieve itself from any obligation to furnish a home for decedent. Decedent had no legal right to be furnished a home until the expiration of the time within which the plaintiff had the privilege of dismissing her as an inmate. Plaintiff had no legal right to the $5,000 until the expiration of the time within which the decedent had the privilege of leaving the home.

For want of a mutual obligation the contract became unenforcible by reason of the death of decedent preventing the non-happening of the events upon which the promise to pay and the promise to provide a home depended. The happening or non-happening of these two events could only be determined by the continued living of the decedent through the entire period of two months.

The agreement of decedent to pay the $5,000 in the event that she did not leave the home within two months was dependent upon her living during that period. The agreement of the plaintiff to furnish decedent a home in the event that its board of directors did not dismiss decedent as an inmate within two months was dependent upon decedent living during that period. The right of decedent to leave within two months could not be exercised in the event of her death; it could only be exercised in the event of her living. The right of plaintiff to dismiss decedent as an inmate of the home could not be exercised in the event of her death; it could only be exercised in the event of her living. A dead person could not leave the home, neither could a dead person be dismissed from the home. The performance of the contract is thus seen by its terms to be dependent upon the decedent living for the two months.

It is now well settled that when performance depends on the continued existence of a given person or thing, and such continued existence was assumed as a basis of the agreement, the death of the person or the destruction of the thing puts an end to the obli-

gation. *Lorillard* v. *Clyde*, 142 N. Y. 456, 462; *Matter of Daly*, 58 App. Div. 49.

Where the performance of an obligation lies only with the promisor through his own volition his death before the exercise of such will or volition prevents performance. Where the will must be exercised before an obligation becomes effective, and death prevents the exercise of the will there can be no effective obligat·on.

In *Arming* v. *Steinway*, 35 Misc. Rep. 220, the contract was that defendant's testator would pay to plaintiff one dollar per lesson for those pupils sent to her by him who did not pay for their lessons, and that she would surely earn fifteen dollars a week for the time from the 21st of September, 1896, till the 30th of June, 1897, and she would give him all the time. It was held that it was the volition of the decedent in the selection of pupils to be sent to the plaintiff that was to determine his liability; that his death November 30, 1896, prevented the exercise of such volition. When the continuous execution of a contract lies only with the employer through his intelligent selection, his death closes the work under the plain purpose and scope of the contract.

Whether decedent would become liable to pay $5,000 could only be determined by the exercise of her volition or will at any time during the two months not to leave the home. The exercise of that volition or will from September 18, 1920, to October 16, 1920, was prevented by her death, and prevented the creation of a liability to pay that sum to the plaintiff.

Where the condition of a bond is possible at the time of making the condition, and before the condition can be performed the condition becomes impossible by act of God, the obligation is saved. *People* v. *Manning*, 8 Cow. 297.

The condition of decedent's promise to pay was that she would not leave in two months, and the condition of plaintiff's promise was that it would not dismiss in two months. These conditions became impossible by decedent's death; she could not possibly remain after death and thus " not leave " and plaintiff could not possibly permit her to remain after death and thus " not dismiss " her; those conditions could only exist concerning the living.

While it is true that the plaintiff did in pursuance of the contract furnish the decedent with a home during her lifetime, and to that extent has performed the contract, yet under the contract it is not entitled to the $5,000; that sum under the contract could only become due and payable in the event that decedent had lived and had not left the home before October 16, 1920.

23

Verdict directed in favor of plaintiff for fifty dollars and interest of six dollars, in all fifty-six dollars, which will be entered by the clerk, and an exception noted by plaintiff.

Judgment accordingly.