THE KIRKPATRICK HOME FOR CHILDLESS WOMEN, Appellant, *v.* ALPHEUS B. KENYON, as Executor, etc., of MARY J. WILLARD, Deceased, Respondent.

*Evidence — when parol evidence not admissible to show intent of parties to written contract.*

Appeal from a judgment of the Supreme Court, entered in the Allegany county clerk's office on November 21, 1922, upon the verdict of a jury, rendered by direction of the court after a trial at the Allegany Trial Term, and also from an order entered on the same day, denying a motion for a new trial.

Judgment and order affirmed, with costs. All concur, except Davis, J., who dissents in a memorandum.

DAVIS, J. (dissenting): I dissent. The contract was for the care of an infirm, aged woman in a home maintained by plaintiff. It was not executory (13 C. J. 245; *Farrington* v. *Tennessee*, 95 U. S. 679, 683; *Justice* v. *Lang*, 42 N. Y. 493, 496; Williston Cont. 13) but was in a present state of execution and performance. If the paper referred to in the signed contract is all included, it was a contract with an option to either party to terminate, enforcible until such time as notice is given (*Hess* v. *Roberts*, 124 App. Div. 328; *Schweinburg* v. *Altman*, 145 id. 377;

———

* *Sic.* See Civ. Prac. Act, §§ 1305, 1308.— [REP.

affd., 207 N. Y. 681) and binding on the parties as long as they continued to act under it before revoking or terminating it. (*Kenny* v. *Knight*, 119 Fed. Rep. 475; *Mechanics' National Bank* v. *Jones*, 76 App. Div. 534; affd., 175 N. Y. 518; 13 C. J. 606.) No notice of termination was given. It was competent to give parol evidence, showing the intent of the parties as to what part of the " terms of admission " were to be included in the agreement, it appearing that some of them obviously were not applicable. (*Stanton Co.* v. *Rochester German Under-writers' Agency*, 206 Fed. Rep. 978; 13 C. J. 544; *United States* v. *Bethlehem Steel Co.*, 205 U. S. 105, 118; *Wilson* v. *Randall*, 67 N. Y. 338; 13 C. J. 544, 568; 22 id. 1144.) Taking the evidence in the light most favorable to plaintiff against whom the verdict was directed, it is inferable that the " rules and regulations " were included in the contract for a particular purpose, to wit, to show the obligation of furnishing a home and care to the aged woman and were limited to that purpose only. (*Guerini Stone Co.* v. *Carlin*, 240 U. S. 264.) There was sufficient proof of subsequent modification, or waiver of probationary period, as to present a question of fact. There may be modification by parol of such a contract. (*Mayor, etc.*, v. *Butler*, 1 Barb. 325, 338; *McCreery* v. *Day*, 119 N. Y. 1; *Harris* v. *Shorall*, 230 id. 343, 348; 13 C. J. 672.)