THE KIRKPATRICK HOME FOR CHILDLESS WOMEN, Respondent, *v.* ALPHEUS B. KENYON, as Executor, etc., of MARY J. WILLARD, Deceased, Appellant.

Fourth Department, May 7, 1924.

Judgments — vacating judgment and order of Appellate Division — Special Term does not have power to set aside judgment and order of Appellate Division affirming judgment, grant new trial on new theory and permit amendment of complaint.

The Special Term of the Supreme Court does not have jurisdiction to set aside the order and judgment of the Appellate Division affirming a judgment of the Trial Term and order a new trial upon a new theory and grant permission to the plaintiff to amend the complaint to conform to the new theory, where the motion is based on the record and proceedings had in the Appellate Division and not upon facts outside the record.

APPEAL by the defendant, Alpheus B. Kenyon, as executor, from an order of the Supreme Court, made at the Allegany Special Term and entered in the office of the clerk of the county of Allegany on the 24th day of July, 1923, setting aside and vacating a judgment heretofore entered herein in the office of the clerk of the county of Allegany on the 21st day of November, 1922, and an order

denying the plaintiff's motion for a new trial and setting aside and vacating the judgment of the Appellate Division of the Supreme Court, Fourth Department, entered in said clerk's office on the 21st day of May, 1923, and the order upon which said judgment of the Appellate Division was entered, and granting a new trial herein with permission to the plaintiff to serve an amended complaint.

*Lee Fassett,* for the appellant.

*Walter N. Renwick,* for the respondent.

HUBBS, P. J.:

The plaintiff brought this action on a written contract to recover the sum of $5,000 with interest. The answer alleges that the promise to pay $5,000, contained in the contract, was made upon certain conditions which had not been fulfilled, and, therefore, that there was no consideration for the contract.

Upon the trial, at the close of the evidence, both parties moved for a directed verdict. The trial court directed a verdict for the plaintiff for fifteen dollars and twenty cents. The plaintiff appealed to this court from the judgment entered upon the verdict. This court affirmed the judgment (206 App. Div. 728). After the judgment, based upon the order of this court, had been entered in the county clerk's office, the plaintiff made a motion at Special Term for an order setting aside the order and judgment of this court; for a new trial, and for permission to serve an amended complaint. An order was made granting the plaintiff the relief asked for. The proposed amended complaint, attached to the motion papers and made a part thereof, demanded judgment that the written contract in question be re-formed, and that the contract, as re-formed, be enforced.

The sole question presented in this court is whether the Special Term had jurisdiction to set aside the judgment and order of this court, order a new trial upon a new theory, and grant permission to the plaintiff to amend the complaint.

At Special Term the learned justice relied for authority to make such order upon the following cases: *Hatch* v. *Central National Bank* (78 N. Y. 487); *Bedell* v. *City of New York* (99 App. Div. 128); *Foster* v. *Central National Bank* (183 N. Y. 379); *Miller* v. *Carpenter* (79 App. Div. 130); *Bates* v. *Salt Springs National Bank* (43 id. 321).

In none of those cases had a judgment been vacated, an amendment to the complaint allowed, and a new trial granted, after an affirmance of the original judgment by the Appellate Division. Those cases are authority for granting such an order where there has been a reversal by the Appellate Division and a new trial

granted.  Under such circumstances, the case is sent back to the Trial Term for a new trial, and that court or the Special Term can permit any amendment which it could have permitted in the first instance.  Counsel has failed to cite any authority justifying a Special Term in granting the relief specified in the order appealed from, and, after a somewhat extensive search, I have been unable to find any such authority.  On the other hand, there is authority condemning the practice adopted in this case.

The judgment entered in the county clerk's office upon the order of the Appellate Division is the judgment of the Appellate Division. (Civ. Prac. Act, § 621, formerly Code Civ. Proc. §§ 1345, 1355; *Bulkley* v. *White Manufacturing Co.,* 136 App. Div. 479; *Silverstein* v. *Standard Accident Ins. Co.,* 221 N. Y. 332.)

The Special Term did not have jurisdiction, after the judgment had been entered in the county clerk's office upon the order of the Appellate Division, to vacate that judgment, amend the complaint, and grant a new trial.  (3 Cyc. 485; *Gelston* v. *Codwise,* 1 Johns. Ch. 189; *Malcom & Gaul* v. *Baker,* 8 How. Pr. 301; *Sheldon* v. *Williams,* 52 Barb. 183; *Marshall* v. *Boyer,* 52 Hun, 181; *Matter of Hodgman,* 82 id. 419, 424; appeal dismissed, 145 N. Y. 637; *Matter of Folts Street,* 29 App. Div. 69; *Meldon* v. *Devlin,* 39 id. 581; *Matter of Westerfield,* 61 id. 413; *Reed* v. *Reed,* 52 N. Y. 651; *Sheridan* v. *Andrews,* 80 id. 648.)

After an appeal to the Appellate Division, the Special Term retains certain powers which it may exercise.  A Special Term may entertain a motion for a new trial upon the ground of newly-discovered evidence.  Such a motion is made on facts *dehors* the record.  (*Henry* v. *Allen,* 147 N. Y. 346; *Waldo* v. *Schmidt,* 200 id. 199, 203; *People ex rel. Tobenkin* v. *O'Connell,* 134 App. Div. 457.)

The motion in the case at bar was not made upon facts outside of the record, but was based on the record and proceedings had in this court.  Before and at the time of the trial the plaintiff had full knowledge of all facts set out in the moving papers.  If there was any mistake made, it was a mistake of law.  After the trial court had decided that the plaintiff could not recover on the written contract, instead of moving to amend the complaint and for a new trial, the plaintiff appealed to the Appellate Division from the judgment entered upon the verdict.  It took its chance of reversing the judgment and, having failed in that, it cannot go back to the Special Term and procure an order vacating the judgment of the Appellate Division, amend its complaint, and secure a new trial upon an entirely different theory.  If that practice should be upheld, it might, after a new trial, in case it were again

unsuccessful, appeal to the Appellate Division and, if unsuccessful there, again move at Special Term to amend the complaint and try the case again upon some different theory. The mere statement of such a proposition demonstrates its error and illustrates the necessity of holding that the Special Term did not have jurisdiction to grant the order appealed from.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.