In the Matter of the Estate of MELVIN J. DENISON, Deceased.

Surrogate's Court, Albany County, April 5, 1938.

*Staley & Tobin* [*Ellis J. Staley* of counsel], for Mary Denison Fiebiger, petitioner.

*Borst & Smith* [*Lawrence V. Benedict* of counsel], for Mary Louise Smith.

ROGAN, S. Mary Denison Fiebiger, a legatee under the last will and testament of Melvin J. Denison, petitions in this proceeding for a determination as to the validity and effect of the election of Mary Louise Denison, the wife of the testator, to take against his will. The proceeding is authorized by and is brought pursuant to the provisions of section 145-a of the Surrogate's Court Act.

The facts have been stipulated and may be briefly summarized as follows: Melvin J. Denison and Mary Louise Denison, his widow, were married on June 2, 1926. Each of the parties had married previously and each had a child by the former marriage. Each had separate property, and during the period of their marriage shared the living expenses from their separate properties. On September 2, 1926, two months after their marriage, Melvin J. Denison and Mary Louise Denison executed and acknowledged instruments of like effect, that binding Mary Louise Denison reading as follows:

" This agreement, made this second day of September, in the year one thousand nine hundred and twenty-six, between Mary L. Denison, residing in the Town of Westerlo, Albany County, New York, party of the first part, and Melvin J. Denison, residing in the Town of Westerlo, Albany County, New York, party of the second part. Witnesseth, that the said party of the first part, in consideration of one dollar, and other valuable consideration, to her in hand paid, the receipt whereof is hereby acknowledged, hereby agrees, to and with the party of the second part, as follows: That the said party of the first part, hereby renounces and releases to the said party of the second part, his heirs and assigns forever, all and any right, title, interest or right of dower in any property, both real and personal, that said second party may now be seized of or that

he may hereafter acquire. And further that she specially renounces and releases to the heirs at law, next of kin, or legatees and devisees under the last will and testament of said party of the second part, should said second party predecease said first party, all and any right, title, interest and right of dower, of every name and nature that said first party might have or be entitled in and to the estate, both real and personal, of said second party, in the event of said second party predeceasing said first party, and of which he may die seized. The reason and object of this agreement is, that the parties hereto having recently married, and each having a child by a prior marriage, and each being desirous that their child shall inherit their property, have entered into mutual or like agreements for the purpose of insuring each to the other, that they will not claim any interest in the estate of the one dying first.

" In witness hereof, the said party of the first part has hereunto set her hand and seal the day and year first above written.

Mrs. MARY L. DENISON    [L. S.]

" In the presence of
     " H. I. GARDNER."

The daughter of Melvin J. Denison, Euretha Whitbeck, died on January 8, 1931. The child of Mary Louise Denison is still living.

Melvin J. Denison died September 16, 1937. His will, dated February 12, 1936, was admitted to probate by this court on October 13, 1937. By its terms the testator's property is bequeathed to collateral relatives and charities, and makes no provision for the widow.

Within the time prescribed by statute, the surviving spouse served upon the executor named in said will, and the clerk of this court, a notice that she elected to take her intestate share of testator's property as against the provisions of the will.

It was also stipulated that said agreements were the free and voluntary acts of said parties and were not induced by fraud, and at the time of the death of Melvin J. Denison remained in full force and effect.

The present controversy arises because of the document signed by the widow of deceased on September 2, 1926, it being contended that she waived and lost her right of election under section 18 of the Decedent Estate Law.

Section 18 of the Decedent Estate Law reads as follows: " 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in

intestacy, subject to the limitations and exceptions contained in this section."

Following other provisions not material to the issues involved in this proceeding is subdivision 9, which reads: " 9. The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage. An agreement so executed made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section."

The provisions of section 18 of the Decedent Estate Law were enacted for the purpose of protecting the surviving spouse against disinheritance. (*Matter of Byrnes*, 260 N. Y. 465.) As the provisions of the statute were designed for the proper support of the wife after the death of the husband, an agreement to waive the beneficial rights granted by the section should be in clear and unmistakable language, and should be liberally construed in her favor. (*Thompson* v. *Thompson*, 163 Misc. 946; *Matter of Brown*, 153 id. 282.)

Upon reading the agreement before us our attention is immediately directed to the consideration expressed therein, that " *the reason and object of this agreement is * * * that their child shall inherit their property.*" (Italics mine.) This was the thought that the parties had in their minds when they made the agreement. They intended to avoid the effect of marriage upon their property relations in order that their children should inherit their property. This purpose is very plain. The words used are clear and unambiguous and need no construction. Here is an instance where the language of the agreement must be deemed to support an inference that the waiver of their rights in each other's property and estate was dependent upon the child of their former marriage surviving them and inheriting his or her property. The inference must be drawn that each of the parties expected and assumed that their children would outlive and survive each of them, and, should that contingency not happen, that each of them should retain the right to claim his or her full intestate share in spite of any will, upon the death of the other. As the consideration for the agreement is definitely stated and specified, and as the intent must be inferred from the accurate language used, we should not stray beyond the terms of the agreement or indulge in speculation regarding some

possible purpose at variance with the expressed intent of the parties.

As the condition and consideration of the agreement looks to the continued existence of Euretha Whitbeck to make it effective upon the death of testator, and she having predeceased him, the object of the agreement was defeated. (*Lorillard* v. *Clyde*, 142 N. Y. 456; *Kirkpatrick Home for Childless Women* v. *Kenyon*, 119 Misc. 349.)

I hold and decide that the surviving spouse, Mary Louise Denison, has a right of election under section 18 of Decedent Estate Law. Decreed accordingly.