ROBERT L. REDFIELD and LUKE VINCENT LOCKWOOD, as Surviving Trustees under the Last Will and Testament of MONTGOMERY B. COWPERTHWAIT, Deceased, and Others, Plaintiffs, *v.* WALTER CRITCHLEY and Others, as Executors, etc., of HERBERT M. COWPERTHWAIT, Deceased, and Others, Defendants.

Supreme Court, Special Term, New York County, March 13, 1939.

*Hill, Lockwood & Redfield,* for the plaintiffs and all the defendants except the defendant Louise Cowperthwait Lawrence.

*John L. Wells,* for the defendant Louise Cowperthwait Lawrence.

LAUER, J. I am now asked to amend the judgment heretofore entered herein by correcting what is claimed to have been a mistake in the calculation of interest in the original judgment. The original judgment was entered after a trial had before me and pursuant to findings. From that judgment an appeal was taken to the Appellate Division and to the Court of Appeals and the judgment in each instance was affirmed. (*Redfield* v. *Critchley,* 252 App. Div. 568; affd., 277 N. Y. 336.) It appears that it was claimed by the plaintiffs-appellants and defendants-appellants, who now make this application, both in the Appellate Division and in the Court of Appeals, that the judgment was erroneous in allowing certain items of interest. In the Appellate Division defendant Louise Cowper-

thwait Lawrence, who also was an appellant there, claimed that sufficient interest had not been allowed to her. Apparently the Appellate Division, despite these claims, affirmed the judgment as it had been entered, and the Court of Appeals, despite the claim of those who are now making the present application, affirmed the judgment with the interest as it had been calculated in the judgment at Special Term as it was entered.

If error was made in the calculation of interest for any reason which was not assigned as error in the Appellate Division and the Court of Appeals, it seems now too late to address Special Term for the correction of that interest. Certainly if that error was pointed out to the Appellate Division and the Court of Appeals, after affirmance in those courts, the Special Term should not interfere, and if any reason exists for the correction of interest to which the attention of the Appellate Division or the Court of Appeals should have been called but was not, it seems, likewise, too late to address the Special Term at this time. In my judgment this is not such a mistake as at this time can be corrected under section 105 of the Civil Practice Act. (*Sheldon* v. *Williams*, 52 Barb. 183, 186, 187; approved in *Kirkpatrick Home for Childless Women* v. *Kenyon*, 209 App. Div. 179, 181, 182; *Herpe* v. *Herpe*, 225 N. Y. 323, 327.) The motion must be and is denied.