Argued February 5, affirmed March 10, 1965

## LYON *v.* WILLAMETTE LUTHERAN HOMES, INC.

399 P. 2d 895

*Jerome L. Noble* and *Kenneth E. Shetterly,* Dallas, argued the cause for appellant. On the the brief were Hayter & Shetterly and Jerome L. Noble, Dallas.

*Carl R. Wells,* Portland, argued the cause for re-

spondent. On the brief were McCormick & Wells, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

HOLMAN, J.

The defendant, Willamette Lutheran Homes, Inc., is a nonprofit corporation which conducts a home for the aged. The plaintiff is the executor of the estate of Anna L. Bennett. On October 2, 1962, Anna L. Bennett moved into the home operated by defendant. Some time later she entered into a contract with defendant which was dated back to the day she moved in. The contract provided that the defendant, under certain circumstances, would provide her with living quarters and care for life for the sum of $5,000, which decedent paid, plus a monthly fee. The by-laws of the defendant, which were incorporated as part of the contract, contained the following provision:

> *"PROBATION PERIOD*: There will be a probation period of three months for each person admitted to the membership, during which time the applicant shall have the right to withdraw his or her application, or the Board of Directors may in its discretion withdraw its approval or acceptance of such applicant. The probation period shall start when the Homes shall have placed the applicant in possession of the living accommodations accepted by the applicant. If there be no such withdrawal either by the Board or by the applicant within the provisional period, the applicant shall be entitled to full membership in the Homes by the Board of Directors of the Homes."

The managing director testified that it was customary to confer with his staff at about the end of the probationary period to see whether there was any question

about the suitability of the applicant. If there was none, no formal review of the application followed.

Mrs. Bennett died on December 23, during the probationary period. Prior to her death she had taken no steps to withdraw from the home and the defendant had taken no action to expel her.

This action for money had and received was brought to recover the $5,000 paid by Mrs. Bennett less certain charges for her accommodations while she was a resident of the home. From a judgment in favor of plaintiff defendant appeals.

The question presented is whether the home may retain plaintiff's payment when she died during the probationary period before being either accepted or rejected and the contract is silent concerning this contingency. In a majority of the cases where the question has been directly raised, the courts have held the money or property given under such circumstances may not be retained but must be returned. *Smith v. Eliza Jennings Home* (1964), 176 Ohio St 351, 199 NE 733; *First National Bank of Lawrence v. Methodist Home for the Aged* (1957), 181 Kan 100, 309 P2d 389; *Old People's Home of Illinois Conference of Methodist Episcopal Church, Quincy, Illinois v. Miltner* (1939), 149 Kan 847, 89 P2d 874; *Christenson v. Board of Charities* (1929), 253 Ill App 380; *Kirkpatrick Home for Childless Women v. Kenyon* (1922), 119 Misc. 349, 196 NYS 250, affd. 206 App Div 728, 199 NYS 851; *Evangelical Lutheran St. Stephan's Congregation v. Bishop* (1919), 213 Ill App 137. In only one case has the court said that the money or property may be retained. *Dodge v. New Hampshire Centennial Home for Aged* (1949), 95 NH 472, 67 A2d 10, 10 ALR2d 858.

The principal reasons given by the cases for holding the money or property must be returned are: (1)

In case of doubt the contract should be construed most strongly against the home because it drew the contract and made no provision for the disposition of the money or property in case of death during the probationary period; (2) the condition, upon which the transfer of the property or money was intended to become absolute, never occurred.

In the only case holding that the home did not have to return the money or property, *Dodge v. New Hampshire Centennial Home for the Aged,* supra, the court reasoned that since the contract and the documents of transfer had no provision for defeasance of title to the funds and property on the death of the person transferring them, they remained the property of the home.

This court believes the money should be returned. It would appear to us that the second reason stated above for its return is the principal reason why plaintiff in this case should recover. The bargain was that plaintiff would pay $5,000 for defendant's uneqivocal promise to give her living accommodations and care for life at a stipulated monthly fee. At the time Mrs. Bennett died the condition had not yet occurred upon which defendant's promise was to become unequivocal. The contract she signed specified the giving of such promise was to be held in abeyance until she had been a resident of the home for the three-month probationary period. Her death made it impossible for this type of promise to be given to her. She did not receive, prior to her death, that for which she paid the fee, i.e., defendant's unconditional promise to give her living accommodations and support for her life. Her estate is entitled to the return of her money.

The judgment of the trial court is affirmed.