BERNARD SHERIDAN, Respondent, *v.* BENJAMIN ANDREWS, Impleaded, etc., et al., Appellants.

(Argued March 9, 1880; decided March 19, 1880.)

PLAINTIFF sued to recover moneys in the hands of defendant Cameron as receiver. He made several others parties defendants. He asked judgment in the alternative; one clause of his prayer was that the receiver be required to pay the money to him. The defendants appeared and answered separately. It appeared from the pleadings that the defendants other than Cameron claimed interest in the moneys in hostility to the claim of the plaintiff. A trial was had at Special Term, and a judgment was rendered dismissing the plaintiff's complaint and adjudging costs to the several defendants in different amounts specified. From that judgment plaintiff appealed to the General Term, particularizing in his notice the judgment of each defendant for costs. That judgment was affirmed at General Term, with costs; and a judgment of affirmance was entered, in which the costs of the several defendants were separately named in specific amounts, and they had a several recovery each for his own sum.

From this judgment the plaintiff appealed to the Court of Appeals, giving notice of appeal to each defendant and particularizing each judgment in his notice. The Court of Appeals affirmed the judgment appealed from in all things, and awarded costs. (72 N. Y., 170.) In the *remittitur* from this court as it appeared in the printed case on this appeal, the award of costs is to the "*respondent*," in the singular number; but it appeared in other parts of the *remittitur* that the "*respondents*" appeared by counsel. The *remittitur* went down, and the judgment of this court was made the judgment of the Supreme Court; costs were awarded, one amount to five defendants, and one amount to defendant Cameron. The plaintiff then moved the Special Term that the costs be re-taxed, that the defendants be disallowed all costs in the Court of Appeals, which motion was denied. He appealed from the order of denial to the General Term, and there the order of the Special Term was modified so that all the costs which had been allowed and taxed in this action were disallowed, except those to the receiver and the extra allowance, $350; and all the judgments for costs in the action in favor of defendants, Stephen C. Jackson and wife, John Andrews and others, and Benjamin Andrews, in his own right and as administrator, were vacated and set aside. *Held* error, as to the remittitur the court state their opinion that the word "respondent" was a printer's error and that costs were awarded to the respondents, as it so appears on the records of the court; as to the modification they say:

"We are not disposed to find fault with any action of the courts which confines within narrow limits the costs of litigation; but it must be done with power to do it. In this case we are not able to find the power in the General Term to vacate on motion the judgments of the Special and General Terms, after both have been affirmed by this court. There is no allegation or suggestion of fraud or imposition upon the courts. The record has always presented the same facts as to the necessity or the contrary, of separate defenses, or of appearing by different attorneys. We will not say that in

no case can judgments of Special Term and General Term, after affirmance by this court, be modified on motion in the court of original jurisdiction. We do not find facts here that give authority so to do. It is in effect vacating and setting aside a judgment of this court. That they were vacated only as to the costs, makes no difference ; they were affirmed by this court in all things, as well for costs as other matter adjudicated ; and thus the judgments for costs became the judgment of this court.

"It may well be that the plaintiff has been oppressed by the accumulation of costs in this action, incurred by the separate appearances of several defendants ; and that if the General Term had had the power, it would have been discreetly exercised in disallowing all the bills but that of the receiver. There was an orderly way of reaching that result, by a return of the *remittitur* to this court and initiating remedial action here."

*Joseph S. Ridgway* for appellants.

*Thomas M. Wheeler* for respondent.

*Per Curiam* opinion for reversal of order as to appellant, without costs.

All concur, except MILLER, J., not voting, and ANDREWS, J., absent.

Order reversed.