(57 Misc. Rep. 428.)

WARD et al. v. WARD et al.

(Supreme Court, Special Term, New York County. January, 1908.)

EXECUTORS AND ADMINISTRATORS—ACTION FOR ACCOUNTING.

A. assigned all his interest as heir at law of his brother B., and the assignees sued for an accounting against the widow and heir at law of C., another brother; four of the defendants being the administrators of C., and three of them the administrators of B. The complaint alleged that C., while living and acting as administrator of B., received property of the estate while he was indebted to it. Defendants proved that there had been no final accounting as to B.'s estate; that A., then deceased, was indebted to the estate of B.; and that an action was pending to recover the same. It was shown that plaintiffs were not entitled to all the interest of A. in the estate of B., but only to the interest of B. as heir at law of a certain other decedent, which interest could have been set off by the debt of A. to the estate of B. *Held*, that the remedy of plaintiffs was an action against the administrators of B. under Code Civ. Proc. § 2606, for an accounting, in which the claims of all the parties might be settled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2026.]

Action in equity by Maria E. G. McK. Ward and others against Mary M. Ward and others. Complaint dismissed.

Wilson & Wallis, for plaintiffs.

Henry M. Ward, for defendants Ward and others.

Strong & Cadwalader, for defendant Clarks.

BLANCHARD, J. This is a suit in equity to reach certain property which devolved upon Charles H. Ward in his lifetime while he was administrator of John Ward, his deceased brother, and at the same time indebted to the estate of John Ward. It is claimed that Charles took said property charged with the trust of paying his indebtedness to John Ward's estate, and that the defendants herein, being the widow and heirs at law and next of kin of Charles, who has since died, received said property without paying consideration thereof and with knowledge of the facts above mentioned. The plaintiffs base their right to sue upon an assignment to themselves by William G. Ward, brother of John and Charles, of all of William's interest, as heir at law and next of kin of John, in the interest which John had acquired in the residuary estate of one Henry Hall Ward. The plaintiffs claim, therefore, that the defendants should account to the plaintiffs to the extent of plaintiffs' alleged interest in the estate of John by reason of the assignment above mentioned.

Four of the defendants are administrators of the estate of Charles, and three of these four are also administrators of the estate yet unadministered of John. The answers of the defendants, among other defenses, set up that final accounting has never been had in the administration of the estate of John, and that the estate of William is still indebted to the estate of John by reason of a mortgage bond made by William in his lifetime to John and never paid. The proof establishes the fact first mentioned, and further shows that the nonpayment of the mortgage bond given by William to John is not denied by the plaintiffs,

and that an action for recovery upon said mortgage bond has been brought by the administrators of Charles against the present plaintiffs and is now pending. It appears, therefore, that the plaintiffs have not found their title to all the interest of William in the estate of John, but at most can claim title only to all the interest which William had as heir at law and next of kin of John in John's interest in the estate of Henry Hall Ward. It further appears that William's interest aforesaid may have been offset by the claim of John's estate against William by reason of the mortgage bond above mentioned. Without passing upon the other defenses set up by the defendants, the court decides that the considerations above set forth sufficiently show that justice to the parties herein cannot be effected by granting to the plaintiffs the remedy they desire herein. Their proper relief should be an accounting by the administrators of John, pursuant to section 2606 of the Code of Civil Procedure, in which the conflicting claims of the parties hereto may be fully litigated and settled. Accordingly the complaint is dismissed. Findings passed upon as indicated upon the margin thereof. Submit proposed decision and judgment upon notice.

Complaint dismissed.