WARD et al. v. WARD et al.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. JUDGMENT (§ 722*)—CONCLUSIVENESS—MATTERS CONCLUDED.

Where a court of competent jurisdiction, in a suit to partition land left in trust, determined that one of the parties was seised in fee simple as tenant in common of a share thereof, and provided for a sale at which any of the parties in interest might become a purchaser, and for the execution of a deed to purchasers which should be effectual to vest the title of the parties to the suit in fee simple in the purchasers, and the party purchased a part of the land in his individual capacity and received a deed from a master, whose report was subsequently confirmed by a final decree of the court, the decree was res adjudicata as to all the parties to the litigation and all claiming through them that the purchaser was entitled to the land purchased by him in his individual capacity, and they could not subsequently sue to impress his purchase with a trust on account of an alleged debt he owed at the time of the sale to the estate of one in whose interest in the land all the parties shared.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1253; Dec. Dig. § 722.*]

2. JUDGMENT (§ 722*)—CONCLUSIVENESS—MATTERS CONCLUDED.

Where, in an action for the distribution of personalty of a trust estate, the decree determined that the parties as individuals were entitled to certain specified interests and directed a distribution to be made, and the distribution was confirmed, a party held his allotted share free from any claim which any other party to the action might then have against it, and other parties could not subsequently sue to impress his share with a trust on account of his alleged debt at the time of the distribution to the estate of one in whose interest in the trust estate all the parties shared.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1253; Dec. Dig. § 722.*]

3. TRUSTS (§ 373*)—ENFORCEMENT—ACTION—DISMISSAL—FAILURE OF PROOF.

In an action by persons interested in the remainder after a trust estate, to charge the share of others, similarly interested, with a trust because of an alleged debt of the ancestor, through whom defendants partly claimed, to one in whose interest in the estate both plaintiffs and defendants shared, the complaint stated that plaintiffs claimed through an assignment of all the assignor's interest as heir and next of kin in the estate

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the alleged creditor of defendant's ancestor, but the only evidence was of an assignment which such creditor had in the residuary estate of the grantor of the trust estate. *Held*, that the complaint was properly dismissed on the merits.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 373.*]

4. APPEAL AND ERROR (§ 1012*)—REVIEW—FINDINGS—CONCLUSIVENESS.

Where there is no evidence to support a finding of fact of the lower court, it is not binding on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3990; Dec. Dig. § 1012.*]

Appeal from Special Term, New York County.

Action by Maria E. G. McK. Ward and another against Mary E. Ward and others. Judgment of dismissal (57 Misc. Rep. 428, 109 N. Y. Supp. 711), and plaintiffs appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

William G. Wilson, for appellants.

John L. Cadwalader and Henry M. Ward, for respondents.

McLAUGHLIN, J. By the will of Henry Hall Ward, who died in 1872, his residuary estate, consisting of both real and personal property, was left in trust to Eliza Ann Partridge for life, with remainder in equal shares to three brothers, William G., Charles H., and John Ward, who were cousins of the testator or the survivor or survivors of them, the issue of any deceased to take per stirpes in his place. Eliza Ann Partridge died in 1902. Charles was the only one of the three brothers then living. John had died in 1896, without issue, intestate and unmarried, leaving the other two his sole heirs and next of kin, and William died intestate in 1901, leaving the plaintiffs his sole heirs and next of kin. Shortly after the death of Eliza Ann Partridge, Charles brought two suits in the Circuit Court of the United States for the Southern District of New York for the distribution of the property held in trust under the will of Henry Hall Ward, one for the partition of the real estate and the other for the distribution of the personalty, the plaintiffs being made parties defendant. Charles claimed, in such suits, that he was entitled to one half of the trust estate, and that the plaintiffs in this action, as the issue of William, were entitled to the other half. In these suits it was made to appear that in 1874 William and Charles, being indebted to the estate of Henry Hall Ward, had given their joint bond for $25,000 to the executor of that estate, secured by their several mortgages upon their expectant interests therein; that these mortgages had subsequently been foreclosed, and their expectant interests purchased by their brother John, who, with the consent of the life beneficiary, gave his bond for $25,000 to the executor of that estate, secured by a mortgage on the interest which he had purchased in place of the joint bond and the several mortgages of the two brothers on the same interest. The Circuit Court held that John thus acquired good title to each of their shares in the residuary estate, subject to be divested by death before the death of the cestui que trust, as actually occurred in William's

case; that the plaintiffs, as the issue of William, were, under the will of Henry Hall Ward, owners of an equal undivided half of the trust estate; that, of the other half to which Charles would have been entitled but for John's purchase, Charles was the owner of half as one of the heirs and next of kin of John, and the remaining half of John's share was vested in plaintiffs, as grantees and assignees of their father William; and a decree was entered directing that the real estate be sold, and the proceeds derived therefrom, and the personal property, be distributed accordingly—one-fourth to Charles, and three-eighths to each of the plaintiffs to this action—John's bond above referred to being deemed an asset and deducted from his share.

The decree further provided that any or all of the parties to the suit who were seised of an undivided interest in the property to be sold might become a purchaser at the sale, and in that event apply his respective share and interest in the proceeds to the payment of the purchase money; and upon the completion of such purchase the special master was directed to execute and deliver his deed of conveyance of the lands and premises to the respective purchasers thereof, which deed should be valid and effectual in all respects to vest the title of the parties to the suit in fee simple in such purchasers. The net proceeds derived from the sale of all of the real estate was $121,032.79, one-fourth of which ($30,258.20), under the interlocutory decree directing the sale, belonged to Charles. One of the pieces sold was 32 Bond street, which was purchased by Charles for $36,100, which he paid by applying his one-fourth interest and the balance—$5,841.80—in cash, and a deed was executed and delivered to him by the special master, who made a report of the sale, the execution and delivery of deeds to the purchasers, including the sale of 32 Bond street to Charles, and the way the purchase price had been paid, and this report was confirmed by a final decree of the Circuit Court. In the suit brought for a distribution of the personalty, an order or decree was entered directing the trustee of the trust estate to assign and transfer one-fourth of it to Charles and the other three-fourths to these plaintiffs, and the property, or some portion of it, was distributed accordingly.

Upon the death of John, William was appointed his administrator, and, upon William's death, Charles was appointed administrator de bonis non. Charles died in 1905, and the individual defendants in this action are his widow and children, his sole heirs at law and next of kin. Of the latter, Charles M., Francis E., William F., and Henry M. were appointed his administrators, and the first three mentioned were also subsequently appointed administrators d. b. n. of the estate of John. They are also made defendants in such representative capacities.

This action is brought to establish a debt due from Charles to John's estate at the time the sale of the real estate was made and the personal property distributed under the decrees of the Circuit Court, and to impress a trust to the extent of such claim upon the real estate and personalty derived by Charles through such sale and distribution.

The complaint charges that on February 1, 1875, Charles borrowed from John $32,000, giving his bond therefor, of which $2,000 and in-

terest to February 1, 1887, has been paid, and the balance is due and owing; that he never accounted as administrator of John's estate, and that this debt was personally chargeable against him; that the plaintiffs, by virtue of William's assignment of his interest in John's estate, are entitled to one-half this amount, and are not required to submit their rights to an accounting in the Surrogate's Court between the administrators d. b. n. of John's estate and the administrators of Charles' estate, who are, with one exception, the same persons and have interests adverse to the plaintiffs; that Charles received certain specified securities as his share of John's interest in the trust estate in accordance with the decrees of the Circuit Court, and was entitled, upon conditions, to certain others, all of which are properly chargeable with the payment of said debt; that his administrators have received a portion of the securities, and now claim the remainder reserved for him; that the individual defendants have become vested with the legal title to 32 Bond street; and that the defendant administrators of John's estate have taken no steps to collect the debt or to establish it as a charge upon the real and personal property received by Charles as heir and next of kin of John. Judgment is asked establishing the indebtedness, and adjudging that Charles and all of the said defendants holding or claiming through or under him have received or become entitled to the real and personal property derived and acquired by Charles as heir at law and next of kin of John, charged with the duty and trust of applying the same to the satisfaction and discharge of the indebtedness, and directing that the defendants account for and pay over to the plaintiffs one equal half of the amount of the same, so far and in such proportions as the real and personal property received by them through Charles shall be necessary for that purpose. The material allegations of the complaint were put in issue by the answers of the respective defendants. At the opening of the trial and at the close of plaintiffs' case the defendants moved to dismiss the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action, which motion was renewed at the close of the whole case. The court reserved decision on the motion, and thereafter rendered a decision dismissing the complaint, and, from the judgment entered thereon to that effect, plaintiffs appeal.

I am of the opinion that the complaint was properly dismissed. Upon the facts alleged and proved, the plaintiffs were not entitled to a judgment impressing a trust upon the property referred to, even though it be conceded that the indebtedness exists. The Circuit Court determined that Charles was seised and possessed in fee simple, as tenant in common, of two undivided one-eighth parts of the real property formerly held in trust; appointed a master to make a sale of all the real estate, at which any of the parties in interest might become a purchaser, and, upon completion of the purchase, directed him to execute and deliver his deed of conveyance of the premises sold, which should be valid and effectual in all respects to vest the title of the parties to the suit in fee simple in such purchaser. In pursuance of this decree the real estate in question—32 Bond street—was sold and purchased by Charles in his individual capacity, who received a deed

from the special master, whose report was subsequently confirmed by a final decree of the Circuit Court. This conveyance was given by virtue of a decree of a court of competent jurisdiction in a suit for the partition of the real estate held in trust under the will of Henry Hall Ward. These plaintiffs and Charles, both individually and as administrator of John, were parties to that suit. Therefore, as between the parties to that litigation, the decree is res adjudicata that Charles was entitled to the real estate which he purchased in his individual capacity. That decree is final and conclusive upon all of the parties to the litigation, and not only binding upon them, but equally so upon every person claiming title by or through them. He never held the property or the proceeds derived from the sale of it as the administrator of John, and to hold that he did, or that he took it impressed with a trust, is in effect to destroy the decree of the Circuit Court of the United States.

What has been said as to the real estate is just as applicable to the personal property. The decree of the Circuit Court determined that Charles was entitled to one-fourth of that, and much of it was turned over to him with the written consent of the plaintiffs, and the action of the trustee in making the distribution was confirmed by the Circuit Court. None of this property was ever in Charles' hands as administrator of John's estate, and in this connection it is to be noted that the record on appeal discloses the fact that upon the settlement of the interlocutory decree he requested the court to direct that all the personal property be turned over to him as such administrator, to be distributed in the ordinary course of administration, which was denied. This decree, therefore, determined that the parties, as individuals, were entitled to certain interests then fixed and determined in the personal property, and directed that a distribution be made accordingly. Charles thereupon became entitled to one-fourth absolutely as his own, freed from any and every obligation or claim which any of the parties to the suit might then have had against it; in other words, the decree, like the one relating to the real estate, is res adjudicata as to the interest of the parties to the suit.

I am also of the opinion that the complaint was properly dismissed for another reason. It alleges that on the 13th of November, 1896, William G. Ward, by instrument in writing, assigned to plaintiffs all his interest as heir and next of kin in the estate of John. This was denied by the defendants, and the decrees of the Circuit Court of the United States, above mentioned, were the only evidence thereof introduced at the trial. The suits in which these decrees were made related solely to the trust property held under the will of Henry Hall Ward, and such decrees amended the answers to conform to the proof by alleging that on November 13, 1896, William G. Ward, by two instruments, conveyed and assigned to plaintiffs his share "in the interest which John Ward had theretofore acquired in the residuary estate of Henry Hall Ward." It was accordingly adjudged that the plaintiffs took their share of John's interest in the trust property as such assignees and grantees, but the decrees are not evidence of the assignment of any other interest in John's estate. If the assignment were of an interest only in the residuary estate of Henry Hall Ward,

it is obvious that the present action—which is to recover on a debt of Charles to John—could not be maintained, and, there being no evidence of an assignment of any other interest, the complaint should have been dismissed on the merits. It is true the court, at plaintiffs' request, made a finding to the effect that all William G.'s interest in John's estate had been assigned to them, but I have been unable to find any evidence to sustain such finding. Indeed, there is no evidence in the record touching that subject, other than the decrees in the Circuit Court of the United States, and these do not establish that fact. We are, therefore, not bound by that finding.

The judgment appealed from is affirmed, with costs. All concur.