WARD et al. v. WARD et al.

(Supreme Court, Appellate Division, First Department.　June 18, 1909.)

APPEAL AND ERROR (§ 440*)—PROCEEDINGS IN TRIAL COURT AFTER AFFIRMANCE
　　ON APPEAL.

　　The trial court cannot, after its judgment has been affirmed by the Appellate Division, with an adjudication that one of its findings was unsupported by evidence, and after plaintiffs have stated that they will appeal from the judgment of affirmance, strike out such finding by a nunc pro tunc order as having been inadvertently made; such striking out not being for the purpose of opening the judgment and granting a new trial, but to present to the Court of Appeals a record other than that presented to and acted on by the Appellate Division.

　　- [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 440.*]

Appeal from Special Term, New York County.

Action by Maria E. G. McK. Ward and another against Mary M. Ward and others.　From an order amending a decision made after trial at Special Term, by striking out a finding of fact, plaintiffs appeal.　Reversed, and motion denied.

See, also, 130 App. Div. 27, 114 N. Y. Supp. 326.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Wilson & Wallis (William G. Wilson, of counsel), for appellants.

Henry M. Ward, for respondents Ward.

Strong & Cadwalader, for respondent Clarke.

PER CURIAM.　This is an action in the nature of a suit in equity to impress a trust upon certain real and personal property alleged in the complaint to be held by the defendants Ward and the defendant Clarke in their respective individual and representative capacities as set forth in the complaint.　The trial was had at Special Term in November, 1907.　On or about January 18, 1908, the trial justice handed down his opinion, with the conclusion that the complaint should be dismissed, and with the usual notation upon all the proposed findings of fact and conclusions of law submitted by the several parties of his allowance or disallowance.　A decision was prepared in accordance with the findings so passed upon, and was signed and filed on or about the 7th day of February, 1908, and a judgment duly entered.　Among the findings was the following:

　　"(49) On or about November 13, 1896, William G. Ward by two instruments in writing, bearing date of that day, assigned and conveyed to his daughters, Maria E. G. McK. Ward and Caroline Constantia Ward, the plaintiffs in the present action, all his share and interest in the estate of said John Ward as heir at law and next of kin of John Ward."

The plaintiffs appealed to the Appellate Division from the judgment entered upon the decision, and said judgment was unanimously affirmed (130 App. Div. 27, 114 N. Y. Supp. 326), and this court unanimously adjudicated that the said forty-ninth finding of fact was without evidence to support it, and judgment has been entered accordingly on the 23rd of March, 1909.　Thereafter, the plaintiffs having stated

that they were about to appeal from the said judgment of affirmance to the Court of Appeals, which they have since done, the defendant made a motion to the trial justice to amend his decision by striking out the aforesaid forty-ninth finding of fact, which motion was granted, and the decision amended nunc pro tunc.

We know of no principle upon which such action can be sustained. The court has authority, by virtue of Code provisions and its inherent power, to correct clerical errors and to vacate and set aside judgments for various reasons and in the interests of justice; but if the judgment is opened a new trial is had. Here a material finding contained in the decision upon which the judgment was based, and appearing in the record passed upon by this court upon the appeal from said judgment was specifically determined to have been made without evidence to support it. This determination raises a question of law which can be reviewed by the Court of Appeals. After this court had pointed out that said finding was without support in the evidence, it is claimed that it was inadvertently made, although it had passed the scrutiny of enrollment in the judgment roll and the settlement of the case upon appeal and submission to this court. It is now stricken out, not for the purpose of opening the judgment and granting a new trial, but for the purpose of presenting to the Court of Appeals a record other than that presented to and acted upon by this court. Appeals, except only in cases of judgment of conviction for murder in the first degree, can only go to the Court of Appeals through the Appellate Division, and the Court of Appeals has authority only to consider the case as presented to and passed upon by the Appellate Division.

It therefore follows that the order appealed from was unwarranted, and should be reversed, with $10 costs and disbursements to the appellants, and the motion denied, with $10 costs.