In the Matter of the Judicial Settlement of the Account of J. WATSON BURROWS, as Administrator, etc., of JAY E. CRANDALL, Deceased.

CLARA W. CRANDALL, Appellant; CARRIE MAE CLARK, Respondent.

Fourth Department, November 11, 1925.

**Husband and wife — common-law marriage — testator's first wife obtained Pennsylvania divorce in 1908, following personal service — Pennsylvania decree permitted both parties to remarry — testator remarried in this State in 1912 and lived here until his death in 1923, believing he had right to remarry — under Laws of 1915, chap. 266, amending Domestic Relations Law, § 8, intestate had legal right to remarry, at least after lapse of five years after amendment took effect — new contract not necessary after removal of legal impediment — second wife was lawful wife of testator at time of his death.**

The intestate, who was divorced by his first wife in 1908 in the State of Pennsylvania after personal service of summons upon him, in which action the decree granted permission to both parties to remarry, was legally married to his second wife, the appellant herein, at the time of his death in 1923, since it appears that he was married to the appellant with the honest belief that he had the right to remarry, and that he and the appellant lived together thereafter in this State as man and wife and were so regarded by their friends and acquaintances, and that, while at the time of the remarriage his marriage might not have been legal, still, since chapter 266 of the Laws of 1915, amending section 8 of the Domestic Relations Law, gives the unsuccessful party in a divorce action the right to remarry after five years has elapsed, a common-law marriage will be held to have occurred between the testator and his second wife, at least at the end of five years after that amendment took effect.

It was not necessary for the intestate and his second wife to enter into a new contract or agreement after the lapse of the five-year period, for since their relations

from the beginning were not meretricious in the sense that they were immoral or unlawful, it will be presumed that a new contract arose at the moment the legal impediment was removed by the statute.

Accordingly, the appellant was the legal wife of the intestate at the time of his death and is entitled to share in his estate.

Appeal by Clara W. Crandall from a decree of the Surrogate's Court of the county of Chautauqua, entered in the office of said Surrogate's Court on the 1st day of June, 1925.

*Ottaway & Munson* [*Arthur B. Ottaway* of counsel], for the appellant.

*Elijah W. Holt* and *Arthur S. Tennant,* for the respondent.

Hubbs, P. J.:

In 1887 Jay E. Crandall and Isabelle F. Hamilton were married in this State. They had one child, Carrie Mae Clark, the respondent herein. In October, 1908, Isabelle F. Crandall obtained a divorce from Jay E. Crandall, in the State of Pennsylvania, after personal service of process upon him. The decree provided that both parties to the action could remarry. Isabelle F. Crandall continued to live in Pennsylvania until her death. Jay E. Crandall continued to live in this State until his death. In 1912 Jay E. Crandall was married in this State to Clara S. Wale. Both knew that Isabelle F. Crandall was then living in Pennsylvania, but both believed that the decree of divorce permitted Jay E. Crandall to legally remarry in this State. On April 16, 1923, Isabelle F. Crandall died in Pennsylvania, and on April nineteenth, three days later, Jay E. Crandall died intestate in this State. This is a contest over his estate. His child by his first marriage to Isabelle F. Crandall, Carrie Mae Clark, contests the right of Clara W. Crandall, with whom he lived at the time of his death, to share in his estate as his widow.

It is urged that the marriage to Clara S. Wale was void because Jay E. Crandall had a wife living at the time of his marriage to her and, therefore, that she never became his legal wife. We will assume, for the purposes of this opinion, that the permission to remarry, contained in the Pennsylvania decree, had no extraterritorial effect, and that Jay E. Crandall, at the time he entered into the marriage with Clara S. Wale, did so in violation of section 6 of the Domestic Relations Law and said marriage was illegal and void. After said second marriage the said Jay E. Crandall and Clara W. Crandall lived together as husband and wife. Conveyances of real property were made by them as husband and wife. They were known by every one with whom they came into contact as husband and wife. They were so recognized by their

relatives, friends and associates. From 1912, when the marriage ceremony was performed by a clergyman, until the death of Jay E. Crandall, in 1923, they were, to all appearances, husband and wife, and it was understood by those who knew them that they occupied that relationship. As there was a ceremonial marriage service and both parties believed they had a legal right to marry, the relationship was not meretricious in the sense that it was known to the parties to be immoral and unlawful, even if, as a matter of law, it was illegal and void.

It is urged by the appellant that the permit to remarry contained in the Pennsylvania decree made the second marriage in this State legal; also that the amendment (Laws of 1919, chap. 265) to section 8 of the Domestic Relations Law was retroactive and validated said second marriage even if it was illegal in its inception. We do not pass upon those questions, but base our decision on the broad ground that the parties, after the alleged impediment to their legal marriage was removed, legally became common-law husband and wife. Common-law marriages have been valid in this State since the enactment and taking effect on January 1, 1908, of chapter 742 of the Laws of 1907, which amended the Domestic Relations Law of 1896, as amended by chapter 339 of the Laws of 1901. (*Matter of Ziegler* v. *Cassidy's Sons*, 220 N. Y. 98; Dom. Rel. Law of 1909, § 10.)

Chapter 266 of the Laws of 1915 amended section 8 of the Domestic Relations Law so as to read, in part, as follows: " A defendant for whose adultery the judgment of divorce has been rendered in another State or country may not marry again in this State during the lifetime of the complainant *unless five years have elapsed since the rendition of such judgment* and there is no legal impediment, by reason of such judgment, to such marriage in the State or country where the judgment was rendered." There was no " legal impediment " to the remarriage of Jay E. Crandall by reason of the Pennsylvania decree; in fact, said decree permitted his remarriage in that State. There was, therefore, no legal reason why Jay E. Crandall could not have entered into a legal common-law marriage with Clara S. Wale at any time after the enactment of said amendment in 1915, or, in any event, after five years from the enactment of said amendment. From the time of the marriage until his death in 1923 Jay E. Crandall lived with Clara W. Crandall and treated her in all respects as his lawful wife.

The respondent urges that there is no evidence of a contract of marriage after the amendment of 1915. It is said that there must have been a new contract *in presenti* by which the parties agreed to enter into the relationship of a common-law marriage,

otherwise it will be presumed that they continued to live as man and wife under the void ceremonial marriage. We cannot agree with such contention. It seems to us that sound public policy and good morals require us to hold that a common-law marriage took place when the parties became legally entitled to enter into that relationship after the passage of said amendment in 1915. We will assume that up to that time Crandall could have put aside the woman with whom he had lived as his lawful wife for years, but he did not, but continued to live with her and in all respects treated her as his wife. Upon the facts in this case we hold that when the bar to their lawful marriage was removed and the relationship continued, it continued as a lawful relationship, and that they were in fact and in law husband and wife.

In effect, it makes no difference whether such decision is based upon the theory that the courts will infer a consent, or whether it is found as a fact from the conduct of the parties in holding each other out as husband and wife and occupying that relationship. The parties, during all those years, intended to live in lawful wedlock. Courts will not be solicitous to find a way to nullify such intent and to make the relationship which the parties deemed lawful and sacred, unlawful and immoral. The conclusion which we have reached is amply sustained by authority. (*Leeds* v. *Joyce,* 202 App. Div. 696; affd., 235 N. Y. 620; *Matter of Wells,* 123 App. Div. 79; affd., 194 N. Y. 548; *Hynes* v. *McDermott,* 91 id. 451; *Geiger* v. *Ryan,* 123 App. Div. 722; *Applegate* v. *Applegate,* 118 Misc. 359; *Travers* v. *Reinhardt,* 205 U. S. 423.)

It follows that Clara W. Crandall is the lawful widow of the intestate and entitled to share in his estate.

The surrogate's decree, in so far as it finds that Clara W. Crandall is not the lawful widow of the intestate and not entitled to share in his estate, should be reversed, with costs against the respondent Carrie Mae Clark, and the matter remitted to the Surrogate's Court to enter a decree in accordance with this opinion. Certain findings of fact should be reversed and new findings made.

DAVIS, SEARS, CROUCH and TAYLOR, JJ., concur.

The decree, in so far as it finds that Clara W. Crandall is not the lawful widow of the intestate and not entitled to share in his estate, is reversed, with costs against the respondent Carrie Mae Clark, and the matter is remitted to the Surrogate's Court to enter a decree in accordance with the opinion. Certain findings of fact reversed and new findings made.