In the Matter of the Judicial Settlement of the Account of J. WATSON BURROWS, as Administrator, etc., of JAY E. CRANDALL, Deceased.

CLARA W. CRANDALL, Appellant; CARRIE MAE CLARK, Respondent.

Fourth Department, November 9, 1926.

**Appeal — amendment of answer in proceedings to settle account of administrator pending appeal to Court of Appeals — respondent procured order from surrogate amending answer so as to assert affirmative defense to raise constitutionality of Domestic Relations Law, § 8 — inadvertence sole reason for amendment — Surrogate's Court does not have power to authorize amendment of answer while case is pending on appeal.**

In proceedings to settle the account of an administrator, the respondent by answer raised the question of the validity of the marriage of her father to his second wife, and an appeal was taken from the decree of the surrogate to the Appellate Division, which reversed the surrogate's decree, and while an appeal was pending in the Court of Appeals from the order of the Appellate Division, the respondent procured the present order from the Surrogate's Court, permitting her to amend her answer *nunc pro tunc* so as to raise the constitutionality

of section 8 of the Domestic Relations Law, as amended by chapter 266 of the Laws of 1915. The question of the constitutionality of that law was discussed before the surrogate, and also before the Appellate Division, but was not a part of the record, and the sole ground for the amendment is that through inadvertence the answer did not raise that question.

The Surrogate's Court did not have the power to permit the answer to be amended *nunc pro tunc* so as to raise a question not raised by the original pleadings. The Court of Appeals must pass upon the case contained in the record used in the Appellate Division.

CROUCH and TAYLOR, JJ., dissent, with memorandum.

APPEAL by Clara W. Crandall from an order of the Surrogate's Court of the county of Chautauqua, entered in the office of said Surrogate's Court on the 1st day of March, 1926, granting an application to amend *nunc pro tunc* the answer of Carrie Mae Clark so as to raise a constitutional question.

The order appealed from was made after an appeal to the Appellate Division in this case had been heard and decided and while an appeal from the determination of the Appellate Division was pending in the Court of Appeals.

*Ottaway & Munson* [*Arthur B. Ottaway* of counsel] for the appellant.

*Arthur S. Tennant* and *Elijah W. Holt*, for the respondent.

CLARK, J. The respondent, Carrie Mae Clark, is the only child of Jay E. Crandall and his first wife, whose maiden name was Isabelle F. Hamilton. In 1908 Mrs. Crandall obtained a divorce from her husband in the State of Pennsylvania, he being personally served with process. After said decree of divorce had been obtained said Isabelle (Hamilton) Crandall lived in the State of Pennsylvania until her death, which occurred April 26, 1923. Her former husband, Jay E. Crandall, at all times resided in the State of New York, and he died in said State three days after the death of his first wife.

In 1912 Mr. Crandall was married to Mrs. Clara S. Wale. Both of said parties entered into this marriage in good faith, in the full belief that the husband had been legally divorced in the State of Pennsylvania with permission to remarry.

On the death of Mr. Crandall his second wife, this appellant, claimed to be entitled to share in his estate as his widow. The respondent, his only child by the first marriage, disputes the right of the second wife to share in her father's estate, claiming that the second marriage was illegal and void, because at the time it took place her father had a wife living in the State of Pennsylvania.

On the judicial settlement of the accounts of the administrator of the estate of said Jay E. Crandall in the Surrogate's Court of

Chautauqua county, the respondent filed an answer setting forth the above facts, and asked that she be adjudged to be the only heir at law and next of kin of her father, the decedent. The learned surrogate adopted this view, and decided that Carrie Mae Clark, this respondent, was the sole survivor of her father, and that his second wife, this appellant, was not entitled to share in his estate, and a decree was entered in the Surrogate's Court of Chautauqua county accordingly. On appeal to this court the decree of the surrogate in so far as it adjudged that Clara W. Crandall was not the lawful widow of the decedent, and not entitled to share in his estate, was reversed, and the matter was remitted to the Surrogate's Court of Chautauqua county to enter a decree in accordance with the opinion of this court. (*Matter of Crandall,* 214 App. Div. 363.)

Thereafter a decree was entered in the Surrogate's Court making the order of the Appellate Division the judgment and decree of said Surrogate's Court.

The daughter appealed to the Court of Appeals from the order of the Appellate Division above referred to, and that appeal is still pending and undetermined. After the decision of the Appellate Division and the entry in the Surrogate's Court of a decree carrying out the terms of its decision, the respondent applied to the surrogate of Chautauqua county and obtained an order amending her answer by adding an affirmative defense to the effect that section 8 of the Domestic Relations Law, as amended by chapter 266 of the Laws of 1915,* was unconstitutional and void, and also amending the decree of the surrogate which had previously been entered to carry out the determination of the Appellate Division.

This appeal is from the order permitting such amendments, the appellant contending that the surrogate was without power or authority to allow such amendments after the determination of the Appellate Division on the record before it and when an appeal from its decision was pending in the Court of Appeals.

When the former appeal was before this court it was on a record containing respondent's original answer, which *did not* in any way raise the constitutional questions pleaded in the amended answer.

The Court of Appeals is called upon to review the determination of the Appellate Division on the appeal still pending in that court, and it must be based on the record as it stood before the Appellate Division. The fact that the constitutional questions raised by the amended answer were discussed in the Surrogate's Court and when the appeal was argued in the Appellate Division, does not

---

* Since amd. by Laws of 1919, chap. 265.— [REP.

change the situation, for the controversy was disposed of on the record before the court, and the constitutional questions were not passed upon either by the surrogate or by this court, for they were not contained in the record.

We recognize the right of a court to amend its records on application of a party, or on its own motion to make the pleadings conform to proof or judgment, or to correct manifest errors — if nothing has intervened to change the situation or legal·position of the parties.

After the decision of the Appellate Division on the record before it and while the appeal from its determination is still pending in the Court of Appeals the surrogate was without power to amend the record and thus enable the respondent to raise questions not contained in the record and not passed upon by either the surrogate or this court. (*Kirkpatrick Home for Childless Women* v. *Kenyon*, 209 App. Div. 179; *Negreen* v. *Stokes*, 123 Misc. 929.)

The motion to amend the answer was made upon the papers and proceedings in the case and briefs of counsel and the affidavit of one of the attorneys for the daughter, said Carrie Mae Clark.

It is not claimed that the respondent or her attorneys did not have full knowledge of all the facts sought to be pleaded as a defense in the amended answer when the original answer was made and filed. They went through the proceedings in the Surrogate's Court and in the Appellate Division without making any attempt to amend the answer in either court so as to enable them to raise the constitutional questions now sought to be injected into the record.

The only excuse offered for the omission is that such questions were not pleaded in the original answer through inadvertence.

No fact is shown with reference to the constitutional questions now sought to be raised that was not known to the attorneys for respondent when the original answer was filed.

Under the circumstances it is my opinion that after the Appellate Division had passed on the questions presented in the record and a decree had been made in the Surrogate's Court in accordance with the decision of the Appellate Division, and when the appeal from that decision is still pending in the Court of Appeals, the respondent cannot return to the Surrogate's Court and procure an order permitting an amendment to her answer and raise new questions that were never passed upon, either in the Surrogate's Court or in the Appellate Division, and formed no part of the record on which those decisions were based. (*Matter of Westerfield*, 61 App. Div. 413.)

The respondent must stand on the record she made with full knowledge of the facts, for the Court of Appeals can consider no questions other than those that were presented to and passed upon by the Appellate Division. (*Ward* v. *Ward,* 133 App. Div. 73.)

To permit this amendment as granted by the surrogate, raising new questions not raised by the original pleadings when the respondent and her counsel were in possession of all the facts concerning the constitutional questions sought to be raised by the amended pleading, and after the case had been argued and decided by the Appellate Division on the record before it, and a decree had been made in the Surrogate's Court in accordance with the determination of the Appellate Division, would be unreasonable and unjustifiable, and such practice would lead to confusion and embarrassment. (*Hamlin* v. *Sears,* 82 N. Y. 327.)

It also appears that a motion was made in this court by the said Carrie Mae Clark on the 23d day of March, 1926, for an order amending *nunc pro tunc* the record in this court so as to make the original answer herein conform to the directions in the order made in the Surrogate's Court from which order this appeal was taken. Said motion was denied by this court on March 25, 1926. (See 216 App. Div. 789.) This decision passed upon the question now raised, contrary to the contention of the respondent.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

HUBBS, P. J., and DAVIS, J., concur; CROUCH and TAYLOR, JJ., dissent on the ground that the order appealed from relates merely to a matter of form and not to a matter of right and substance. An issue of law not raised by the answer was actually litigated both in the trial court and in the Appellate Division. No objection was made in either court. If objection had been raised in the trial court, an amendment would at once have been granted. If it had been raised on the appeal here, we should have said that the parties had, in effect, by mutual consent modified the pleadings in the trial court and that, therefore, their rights would be determined as if the answer had been formally amended. (*Montague* v. *Hotel Gotham Co.,* 149 App. Div. 687, 689.) To say that the record cannot or should not now be amended to conform it to what actually occurred — when it can be done without prejudice — is unjustly to stress formality. The order appealed from should be affirmed and a further order should be made amending *nunc pro tunc* the record in this court.

Order reversed, with ten dollars costs and disbursements, and motion denied.