In the Matter of the Accounting of J. WATSON BURROWS, as Administrator of the Estate of JAY E. CRANDALL, Deceased.

CARRIE M. CLARK, Appellant; CLARA W. CRANDALL, Respondent.

*Appeal — order of Appellate Division reversing order of Surrogate's Court permitting amendment of record — appeal to Court of Appeals dismissed.*

*Matter of Crandall*, 218 App. Div. 190, appeal dismissed.
(Submitted May 3, 1927; decided May 17, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 9, 1926, which reversed an order of the Chautauqua County Surrogate's Court permitting the defendant to amend the record in this proceeding in that court, so as to raise the issue of the constitutionality of section 8 of the Domestic Relations Law.

*Elijah W. Holt* and *Arthur S. Tennant* for appellant
*Elmer O. Brinkman* for respondent.

Appeal dismissed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

SWIFT & COMPANY, Appellant, *v.* OBCANSKA ZALOZNA V. KARLINE, Respondent.

*Jurisdiction — attachment — State courts without jurisdiction of action by foreign corporation doing business in this State against foreign corporation, not doing business here, to recover on cause not arising in nor concerning property in this State.*

*Swift & Co.* v. *Obcanska Zalozna V. Karline*, 219 App. Div. 821, affirmed.
(Argued May 3, 1927; decided May 17, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 25, 1927, unanimously affirming an

order of Special Term granting a motion to vacate a warrant of attachment on the ground of lack of jurisdiction. The action was to recover for money had and received. Plaintiff and defendant were both foreign corporations. It is conceded that the cause of action did not arise in this State, did not concern property here and that defendant was not doing business in this State. Plaintiff claimed that the fact that it had obtained permission to do business in this State and was doing business here gave the courts jurisdiction.

The following questions were certified:

" 1. Has the court power to grant a warrant of attachment herein?

" 2. Has the court jurisdiction of the cause of action herein under section 47 of the General Corporation Law? "

*David Paine* and *Chester Bordeau* for appellant.

*Otto C. Sommerich* and *Maxwell C. Katz* for respondent.

Order affirmed, with costs; questions certified answered in the negative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

GRACE H. GRIFFIN, Respondent, *v.* WILLIAM H. GRIFFIN, Appellant.

In the Matter of the Application of WILLIAM H. GRIFFIN.

*Appeal — order of Appellate Division denying motion for restitution of moneys paid under erroneous judgment — appeal to Court of Appeals dismissed.*

*Griffin* v. *Griffin*, 219 App. Div. 813, appeal dismissed.

(Argued May 3, 1927; decided May 17, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 6, 1927, which denied a motion for an order directing restitution of moneys paid by defendant to plaintiff under compulsion of an erroneous judgment.