■ In the Matter of the Estate of DAVID T. MAY, Deceased. ROBERT S. MAY, as Executor of DAVID T. MAY, Deceased, Appellant; HELENE SHELL, Formerly Known as HELENE M. MAY, Respondent.— Resettled order entered on February 15, 1962, denying the executor's motion for an order of preclusion, unanimously modified on the law and in the exercise of discretion to the extent of granting the motion unless respondent serves a proper bill of particulars eliminating, in response to some of the items, the reservations of the right to supplement and amend the bill of particulars; with leave to respondent, if she is unable to furnish all the information required to state her lack of knowledge under oath; then if such information is thereafter acquired respondent is to serve a supplemental bill of particulars as to those items at least 20 days before trial; and otherwise the order is affirmed, with $20 costs and disbursements to appellant. It has been held to be improper procedure to couple with information given in a bill of particulars a reservation of the right to serve a supplemental bill as to matters upon which the party lacks sufficient information. (*Manufacturers & Dealers Motor Underwriters* v. *F. B. Assn.*, 186 App. Div. 762; *Rowe* v. *Levine*, 15 A D 2d 571.) Better practice requires that lack of knowledge should be stated under oath and that leave to serve a supplemental bill, when such information is acquired, be obtained from the court, with appropriate restrictions, so that the rights of the opposing party are protected and the aim in requiring a bill of particulars is not thwarted. "The object of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to the adverse party on the trial by enabling him to know definitely the claim which he is called upon to meet [citing cases]". (*Elman* v. *Ziegfeld*, 200 App. Div. 494, 497.) Reservations, such as contained in respondent's bill of particulars, obviously would frustrate such purpose. Hence, they should have been eliminated from the bill. In other respects we find the objections to the bill of particulars, urged by appellant, to have no substantial basis. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.

■ S. A. CALA, Respondent, v. LUIS DE RIDDER Ltda., S. A., Appellant.— Order entered on June 26, 1962, denying defendant's motion to vacate warrant of attachment, unanimously reversed on the law and the facts, with $20 costs and disbursements to appellant, and the motion to vacate the attachment granted, with $10 costs. This action brought by a foreign corporation against another foreign corporation can only be maintained if the cause of action arose in this State (General Corporation Law, § 225). This cause of action did not arise here (*Gonzalez* v. *Industrial Bank*, 16 A D 2d 347). The entertainment of this action thus being beyond the power of the court, the warrant of attachment has no foundation upon which to rest and must be vacated (*Swift & Co.* v. *Karline*, 245 N. Y. 570). Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.