Robert J. Trainor, J.
Plaintiffs commenced an action before the Justice of the Peace (Palmer, J.), Town of Yorktown, for personal injuries and property damage as the result of an automobile collision. The Justice rendered a factual determination on October 2, 1963 to the effect that the plaintiffs were contributorily negligent and dismissed the complaint after trial.
An appeal was taken to this court and, upon submission, a decision was rendered on April 22, 1964 (N. Y. L. J., April 29,1964, p. 21, col. 7), affirming the judgment of the lower court. On May 18, 1964, a reargument was granted and upon the reargument, the court adhered to its former decision. On July 2, 1964 a second reargument was denied (N. Y. L. J., July 9, 1964, p. 11, col. 2).
Subsequently, plaintiff-appellant took an appeal to the Appellate Term of the Supreme Court, Second Department, which affirmed the decision of this court, unanimously, without opinion. Both the Appellate Division, Second Department, and the Court of Appeals (16 N Y 2d 533; 16 N Y 2d 716) refused to review the determination of the lower courts.
On June 24, 1965, subsequent to the entry of judgment absolute in the Court of Appeals by defendant, plaintiff obtained from the original Trial Justice an affidavit stating in effect that he would, if the case were presently before him, find in favor of the plaintiffs, rather than defendants as previously.
Based upon this affidavit, plaintiffs seek to have this court vacate its decisions of April 22, 1964, May 18, 1964 and July 2, 1964, and grant judgment in favor of plaintiffs, setting aside all proceedings heretofore had in all courts including the Court of Appeals.
Plaintiffs seek relief pursuant to CPLR 2221, CPLR 5015 and section 455 of the Justice Court Act.
-Section 455 of the Justice Court Act permits determination on an appeal founded upon error in fact. This does not refer to *268 an erroneous ruling or finding on the evidence by a Justice or jury. (Smith v. Cayuga Lake Cement Co., 105 App. Div. 307.)
CPLR 2221 refers to applications to renew or reargue prior motions. CPLR 5015 states the grounds upon which a court that rendered a judgment or order may relieve a party from said order.
The relief requested by this application is not available to the plaintiffs by virtue of a final determination by a higher appellate court. As far back as 1880, the Court of Appeals held in Sheridan v. Andrews (80 N. Y. 648) that a lower court is without power to review its decision after review and affirmance by the higher court.
It was pointed out in Matter of Balfe (174 Misc. 279, 283): “ That the surrogate or the Special or Trial Term is without authority to vacate or modify, or even correct, its decree or order after affirmance by the Appellate Division (Emphasis supplied.)
The reason is obvious for “ Were it otherwise, there would be no such thing as a final end to litigation, and suits and decrees, on the same subject matter, would be multiplied so as to become embarrassing, inconsistent, and oppressive. * * *. Such a precedent as the one now sought for, would tend to fix a character of dangerous instability and uncertainty on the administration of justice.” (Gelston v. Codwise, 1 Johns. Ch. 189, 195.) (See Title Guar. & Trust Co. v. Winklers Catering Corp., 256 App. Div. 960; Matter of Crandell, 218 App. Div. 190, app. dsmd. 245 N. Y. 570; Kirkpatrick Home for Childless Women v. Kenyon, 209 App. Div. 179; Sheridan v. Andrews, supra; Marshall v. Boyer, 52 Hun 181; Reed v. Reed, 52 N. Y. 651.)
The motion is denied in all respects, with $20 costs to the defendant.